Filed April 11, 1885.

———◆———

No. 12,260.

ROBERTS ET AL. *v.* GIERSS.

DRAINAGE.—*Report of Commissioners.—Expense and Benefits.*—Under section 2 of the act of March 8th, 1883 (Acts 1883, p. 173), the commissioners of drainage are only required to report that the estimated expense of the proposed drain will be *less* than the supposed benefits, and the dif-

Roberts *et al. v.* Gierss.

ference between a total expense of $2,855 and aggregate benefits of $2,-912 is sufficient.

SAME.—*Practice.*—*Supreme Court.*—An objection to the confirmation of the report of commissioners of drainage can not be raised for the first time in the Supreme Court.

From the Tippecanoe Circuit Court.

*W. C. Wilson* and *J. H. Adams,* for appellants.

*B. F. Hegler, W. S. Potter* and *A. A. Rice,* for appellee.

NIBLACK, J.—In December, 1883, George Gierss, the appellee, filed his petition in the Tippecanoe Circuit Court under the first section of the act concerning drainage, approved March 8th, 1883 (Acts 1883, p. 173), for the construction and establishment of a ditch, commencing in Tippecanoe and extending into Fountain county. Frederick M. Roberts and his co-appellant, with many others, were made respondents to the petition. Such proceedings were thereupon had as resulted in the reference of the petition to the commissioners of drainage of Tippecanoe county. These commissioners, after making an examination of all the lands which would probably be affected by the construction of the proposed ditch, reported, amongst other things, that certain highways, describing them, would be benefited by the contemplated work, and that the work could be accomplished at an expense less than the aggregate benefits, estimating the total expense at $2,855, and the aggregate benefits at $2,912; also submitting a list of the lands which it was supposed would be benefited by the ditch, with an assessment against each particular tract. Some of the lands included in this list, and against which assessments were made, were not embraced within the petition, and were not either upon, or immediately contiguous to, the line of the contemplated ditch.

Roberts, and other appellants, remonstrated against the report of the commissioners: *First.* Because lands were assessed which were not embraced within the petition, and were not within the jurisdiction of the court. *Second.* Because certain described lands belonging to the remonstrants, and not named

in the petition, were assessed too much as compared with assessments against other lands included in the report. *Third.* Because the drainage proposed would neither improve the public health nor any highway, and would be of no public utility. *Fourth.* Because the lands of the remonstrants were assessed for too much as compared with the assessment made against the lands of the petitioner. *Fifth.* Because the expense of constructing the ditch as proposed would be largely in excess of the benefits which would result from its construction, thus rendering the scheme an impracticable undertaking.

After hearing evidence in support of the remonstrance, the circuit court overruled the objections interposed by it, confirmed the report made by the commissioners, and ordered the construction of the ditch as recommended by the report.

It is claimed in argument that the circuit court ought to have set aside the report of the commissioners of drainage, for two reasons: *First.* Because the difference between the estimated expense of constructing the ditch and the supposed benefits to result from its construction was too trivial to justify the conclusion that such expense would in the end be really and substantially less than the benefits in question. *Secondly.* Because it was affirmatively shown by the evidence that some of the lands, against which the commissioners made assessments, would not be directly benefited by the ditch, and could only be so benefited by the digging of lateral ditches.

It is only required that the commissioners shall report that the estimated expense shall be *less* than the supposed benefits. Acts 1883, p. 174, section 2. That the commissioners did in this case both generally and specially. There was a substantial difference, we think between the two amounts respectively named. The first objection urged here to the report can not, therefore, be sustained.

As to the second objection, it will be seen by a recurrence to the specifications contained in the remonstrance, that no such question as that now presented in this court was raised

in the circuit court; hence we need not inquire what the evidence either established, or tended to establish, on the subject of supposed direct benefits to particular tracts of land. See section 3 of the act of 1883, as to objections which may be made to a report by remonstrance.

The judgment is affirmed, with costs.

