Grimes *et al. v.* Coe *et al.*

Filed June 26, 1885.

———————

No. 10,806.

## GRIMES ET AL. *v.* COE ET AL.

DRAINAGE.—*Report of Drainage Commissioners.—Statement of Estimated Cost of Ditch.*—Where the report of the commissioners of drainage states in positive terms that the estimated cost of the construction of the ditch will be less than the estimated benefits, it is sufficient, although in a tabulated statement attached to the report it is shown that the estimated benefits and the estimated expense are exactly equal.

SAME.—*Party Notified can not Take Advantage of Failure to Give Notice to Others.*—A party who has due notice of the proceeding can not take advantage of the failure to notify some other land-owner, unless it appears that such failure will prevent the construction of the ditch.

SAME.—*Township Property.*—A drainage assessment can not be defeated by a land-owner who has been duly notified, upon the ground that an assessment has also been levied upon township property.

From the Tippecanoe Circuit Court.

*A. H. Rice* and *W. S. Potter*, for appellants.

*C. D. Jones* and *A. K. Aholtz*, for appellees.

ELLIOTT, J.—The questions presented by the record, as corrected, arise upon the ruling denying a new trial.

The appellants appealed from a judgment of the circuit court establishing a ditch, and assail the finding of the court on various grounds.

The first point made against the finding is shown by the amended record to be not well founded in fact, and it will not be further noticed.

It is argued that the finding was wrong, because the report of the commissioners does not show that the ditch can be constructed for a sum less than the benefits assessed. We think this argument is based on an erroneous construction of the report. The report states in express terms that the ditch can be constructed for a less sum than the estimated benefits. We think this means all expenses, direct and incidental. We do not understand that the commissioners are required to set forth evidence, but that all that is required is that they shall state their conclusions of fact.

It is true that the tabulated statement in the report shows benefits to exactly equal the cost of constructing the ditch, but we think that the positive finding of the commissioners, directly stated, is not controlled by this table of estimates. The tabulated statement was made for another purpose, and was not intended to control the positive finding. The report is in substantial conformity to the provisions of the statute, and we can not hold that the proceedings are to fail simply because of a trifling inconsistency in its statements. *Meranda* v. *Spurlin,* 100 Ind. 380; *Roberts* v. *Gierss,* 101 Ind. 408.

It is argued that as no notice was given to one of the parties, against whom an assessment was levied, the proceedings are void as to all the persons assessed. We are not inclined to adopt this view, for we are unwilling to hold that persons properly notified can take advantage of the failure to name in the notice other persons against whom benefits are assessed, unless it be shown that the failure to give such notice will prevent the construction of the ditch. The township of Lauramie, the artificial person that it is said was not notified, is not here complaining; it has not appealed; and without a showing that the failure to notify it, conceding that there was such a failure, prevents the construction of the ditch, it can not be held that those who were notified can escape liability.

It is contended with much earnestness that there is no law authorizing the assessment of townships for benefits to highways, and that, for this reason, the proceedings are invalid,

and may be attacked by other persons assessed for benefits; but this contention can not prevail. We do not think it can be said that an assessment for such purposes against a township can be said to be void, for it may be that the benefits are so apparent, and so much add to the condition of the highway that the township trustee may elect to pay them, and in such a case other parties could not be injured, and unless injured they would have no just reason to complain. But we need not pursue this inquiry further, for it was decided in *Young v. Wells*, 97 Ind. 410, that townships may be assessed for benefits to highways. The court there said: "These sections taken together, we think, authorize the assessment of townships for benefits to highways." This was a point essential to the decision, and, although it is not placed in the reporter's head-notes, it was one of the principal points decided in that case.

Judgment affirmed.

Filed June 24, 1885.