## KATTERHENRY ET AL. v. ARENSMAN ET AL.

[No. 22,391. Filed March 12, 1915. Rehearing denied June 17, 1915.]

1. APPEAL.—*Record.—Opinion of Trial Court.*—A written opinion of the trial court setting forth the reasons on which the decision is based, has no proper place in the record and can not be considered on appeal, although embodied in the motion for a new trial. p. 350.

2. APPEAL.—*Waiver of Error.—Briefs.*—Specifications in a motion for new trial that are not presented and discussed in appellant's brief are waived. p. 350.

3. DRAINS. — *Establishment. — Dismissal of Proceedings. — Judgment.—Presumptions.*—Where the remonstrances presenting the issues of fact tried in a drainage proceeding embodied practically every statutory ground of remonstrance, it will be presumed in support of a judgment of dismissal, in the absence of anything appearing to the contrary, or of anything in the finding to show upon what ground of remonstrance, it was based, that the finding was based on a cause of remonstrance which authorized the judgment rendered. p. 350.

4. DRAINS.—*Dismissal of Proceedings.—Evidence.*—Under §6143 Burns 1914, Acts 1907 p. 508, specifying causes of remonstrance in drainage proceedings if the finding and judgment in such proceeding supports a remonstrance on the eighth, ninth, or tenth causes of remonstrance, a dismissal of the petition is required; hence in a proceeding in which practically all the causes of remonstrance were assigned, a judgment of dismissal can not be disturbed on the ground that it is not supported by evidence if

there is any evidence to sustain any one of the causes above enumerated.   p. 350.

5. DRAINS.—*Establishment.—Remonstrance.—Joinder of Parties.*— The eighth cause of remonstrance provided by §6143 Burns 1914, Acts 1907 p. 508, when pleaded presents an issue in which all persons whose lands are assessed as benefited by a proposed drain, have an interest, so that all landowners remonstrating on that ground should join in such remonstrance.   p. 351.

6. DRAINS.—*Establishment.—Remonstrance.—Joinder of Parties.*— The fifth cause of remonstrance provided by §6143 Burns 1914, Acts 1907 p. 508, when pleaded presents an issue in which each separate landowner, whose lands are assessed as benefited by a proposed drain, has an interest as to the amount of the assessment made against his own land, and no interest in the assessments made aganst the lands of others, so that such cause of remonstrance should be severally pleaded by those remonstrating on that ground.   p. 351.

7. DRAINS.—*Establishment.—Remonstrances.—Hearing.*—Under the eighth cause of remonstrance provided by §6143 Burns 1914, Acts 1907 p. 508, the burden rests upon the petitioners for a drain to show that the total benefits will equal or exceed the cost of construction, and the court can decide the question only by determining the total cost and the total benefits and evidence is admissible to prove either or both such facts.   p. 352.

8. DRAINS.— *Establishment.— Remonstrances.— Hearing.*— The report of the drainage commissioners introduced in evidence on the issues formed by the eighth cause of remonstrance provided by §6143 Burns 1914, Acts 1907 p. 508, makes a *prima facie* case both as to the cost of the proposed work and as to the aggregate benefits, and, in the absence of any evidence that the cost of the proposed work will be more or less than the amount shown by the report, the *prima facie* case must stand.   p. 352.

9. DRAINS.—*Establishment.—Findings.—Conclusiveness.*—The finding of the trial court, upon conflicting evidence, that the cost of a proposed drain will exceed the total benefits can not be disturbed.   p. 353.

10. DRAINS.—*Establishment.—Remonstrances.*—In so far as the fifth cause of remonstrance provided by §6143 Burns 1914, Acts 1907 p. 508, is concerned the only judgment in favor of remonstrants must be a separate judgment in favor of each remonstrant separately reducing his assessment, but where the remonstrance also contains the eighth statutory ground, and remonstrant succeeds on that ground, the court must dismiss the proceeding, and such judgment will terminate the proceeding as to all persons interested, and a finding on the separate remon-

strances on the fifth cause is not essential. (*Earhart* v. *Farmers Creamery* [1897], 148 Ind. 95, disinguished.)    p. 353.

11.   DRAINS.— *Establishment.— Remonstrances.— Evidence.*— In a drainage proceeding evidence introduced under remonstrances filed, to prove the actual benefits to a large number of tracts and parcels of land affected by the proposed work, was competent in support of the eighth cause of remonstrance provided by §6143 Burns 1914, Acts 1907 p. 508, as well as the fifth cause, and to be considered under the eighth in connection with the cost of the proposed work in deciding whether the cost would exceed the total benefits, while under the fifth it was proper to be considered in deciding whether a particular assessment should be reduced.  p. 355.

From Dubois Circuit Court; *Oscar C. Minor*, Special Judge.

Drainage proceeding on the petition of Sarah Katterhenry and others, in which Henry Arensman and others filed remonstrances. From a judgment dismissing the proceeding, the petitioners appeal. *Affirmed.*

*A. L. Gray* and *Bomar Traylor*, for appellants.

*R. W. Armstrong, John E. McFall, R. M. Milburn* and *L. N. Savage*, for appellees.

LAIRY, J.—Appellants and other landowners filed a petition in the Dubois Circuit Court praying for the location, establishment and construction of a drain. Such proceedings were had as resulted in the appointment of viewers who reported in favor of the location and construction of the proposed ditch. The system of drainage as reported by the commissioners was much more extensive than that described in the petition. A large area of the land was reported as affected and benefited and the owners of such lands were brought in by supplemental notices. After this report was filed, a large number of those whose lands were assessed as benefited filed remonstrances. The issues formed on these remonstrances were tried by the court, a general finding was made and judgment entered in favor of the remonstrators dismissing the petition at the cost of the petitioners. The only question properly presented for consideration on ap-

peal is the action of the trial court in overruling appellants' motion for a new trial.

The trial court in deciding the case prepared and filed a written opinion in which it stated the issues presented, and discussed the law and the evidence in giving the reasons upon which the decision was based. No special finding of facts was requested and the opinion does not purport to find the facts specially. It was embodied in the sixth cause of appellants' motion for a new trial but it has no proper place in the record and it can not be considered on appeal. *Hinshaw* v. *Security Trust Co.* (1911), 48 Ind. App. 351, 93 N. E. 567.

Several causes were assigned for a new trial but, on appeal, only the first two are presented and argued in the brief and the others are therefore waived. The two causes thus presented challenge the finding upon the grounds that it is not sustained by sufficient evidence and that it is contrary to law.

The remonstrances which presented the issues of fact to be tried by the trial court embodied practically every statutory ground of remonstrance, but as the judgment dismisses the petition, we think it is clear that it must rest upon some one or more of the causes which authorize a dismissal of the proceedings in case the finding is in favor of the remonstrance. There is nothing in the finding to show upon what causes of remonstrance it is based, but the presumption which obtains in favor of the regularity of the proceedings of the trial court, warrant this court's holding, nothing to the contrary appearing, that the finding was based on a cause of remonstrance which would authorize the judgment rendered. Section 6143 Burns 1914, Acts 1907 p. 508, provides for the filing of remonstrances and specifies ten causes of remonstrance. The same section provides that the issues shall be tried by the court, and that, if the finding and judgment be in support of the remonstrance or remonstrances on the eighth, ninth or tenth

causes of remonstrance, the petition shall be dismissed at the cost of the petitioners. These causes of remonstrance were all assigned and are as follows: "Eighth. That it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits. Ninth. That the proposed work will neither improve the public health nor benefit any public highway of the county, nor be of public utility. * * * Tenth. That the proposed work as decided upon and reported by the commissioners, will not be sufficient to properly drain the land to be affected. * * *." If there is evidence to sustain any one of these causes of remonstrance, the finding and judgment entered can not be disturbed upon the ground that it is not supported by evidence.

Over 300 landowners whose lands were described in the report and assessed as benefited remonstrated against the report assigning the eighth cause for remonstrance. These same landowners by the same remonstrances also assigned the fifth statutory cause which is as follows: "By any person whose lands are assessed as benefited to the extent of the assessment by the proposed work if accomplished." The eighth cause of statutory remonstrance when pleaded presents an issue in which all persons, whose lands are assessed as benefited, have an interest, and for this reason all landowners remonstrating on that ground should join in such remonstrance; but the fifth cause presents an issue in which each separate landowner has an interest as to the amount of the assessment made against his own land, and no interest in the assessments made against the lands of others, for which reason the fifth cause of remonstrance should be severally pleaded by those remonstrating on that ground.

There were three papers filed as remonstrances in the trial court, each of which was signed by a group of remonstrators. Two of these were so worded as to constitute a several assignment of each of the statutory grounds, and the

other was so worded as to constitute a joint assignment of each of such causes. By the two several remonstrances, individual assessments aggregating more than $55,000 were questioned under the fifth statutory cause; and, by joint remonstrance, assessments aggregating $9,466.09 were put in issue under the eighth statutory cause. Of the total assessments as shown by the report, the aggregate of those remaining unchallenged by the joint remonstrance amounted to $106,053.45, while the aggregate of those remaining unchallenged, either by joint or several remonstrances, amounted to less than $50,000. The estimated cost of the proposed ditch as shown by the report of the viewers was $109,107.55, while the total estimated benefits as so shown amounted to $115,519.54. The petitioners did not question the form of these remonstrances in the trial court upon the ground that joint causes of remonstrance were separately assigned or that separate causes were jointly assigned, and the issues thus presented, were all tried together, and the evidence bearing upon the several causes was all heard at the same trial.

Under the eighth statutory cause of remonstrance, the burden rests upon the petitioners to show that the total benefits will equal or exceed the cost of construction.

7. When this question is in issue at a trial, the court can decide it only by determining two other facts, namely, the total cost and the total benefits. Under this issue evidence may be introduced to prove either or both of such facts. The report which was introduced in evidence

8. makes a *prima facie* case both as to the cost of the proposed work and as to the aggregate benefits; and shows that the total benefits exceed the cost by $6,411.99. As neither the petitioners nor the remonstrators introduced any evidence to show that the cost of the proposed work would be more or less than the amount shown by the report, the *prima facie* case made by the report as to such cost must stand at $109,107.55. As bearing upon the question of bene-

fits, the petitioners introduced evidence as to specific tracts of land owned by persons who had remonstrated to show that such lands were benefited to an amount exceeding the assessments shown in the report, and also introduced other evidence to show that the aggregate benefits to the land assessed were largely in excess of the benefits shown in the report. The remonstrators also introduced evidence as to the benefits assessed to their lands. At least 253 remonstrants introduced evidence to show that the lands owned by them and assessed would be of no more value if the proposed ditch were constructed than they were without such ditch. The benefits assessed to such lands, as shown by the report aggregated $57,267.79 and if this evidence is to be accepted they would not be benefited to any extent by the construction of the proposed ditch. Much of the evidence by which the petitioners sought to enhance the total benefits above that shown by the report related to lands of remonstrators, which according to the testimony introduced by them was not benefited to any extent. It thus appears that the evidence is conflicting as to the total benefits. It is conceded by the brief of appellants that the decision of the trial court rests upon the ground that the cost will exceed the total benefits, and as the evidence upon which the decision rests is conflicting, this court cannot disturb it.

The court made no finding upon the fifth statutory cause of remonstrance in favor of those who remonstrated severally upon that ground, and no order was made reducing the assessment of benefits as to any tract of land.

It is insisted by appellant that, as two of these remonstrances did not tender a joint issue in behalf of all joining therein but, on the contrary, tendered a several issue as to each remonstrant, no other judgment could be rendered thereon except a separate judgment in favor of each remonstrant separately reducing his assessment. This is true so far as the fifth statutory ground of remonstrance is con-

cerned, but it is not necessarily true where the remonstrance also contains the eighth statutory ground. A single landowner may file a remonstrance for the eighth statutory cause and, in case he succeeds upon that ground, the court must dismiss the proceeding; and this judgment, although entered on an issue tendered by only one party, terminates the proceeding as to all persons interested. The position of appellants as gathered from their brief, seems to be that a proceeding can not be dismissed under the eighth cause of remonstrance unless the court finds in favor of individual remonstrators on the fifth statutory cause and reduces individual assessments to such an amount as reduces the total benefits below the cost of construction. It is asserted that the failure of the court to find in favor of the individual remonstrators on the fifth cause is a finding against them as to the assessments against their several tracts of lands being in excess of the benefits, and that, for this reason, all of the assessments made against the land as shown by the report still stand and show that the total benefits exceed the cost. To sustain this position the case of *Earhart* v. *Farmers' Creamery* (1897), 148 Ind. 79, 47 N. E. 226, is cited. The rule announced in this case does not go to the extent of sustaining the proposition as announced by appellants. This case does hold that the question as to the assessment against any particular tract of land exceeding the benefits can be raised only by the owner of such land under a remonstrance which tenders that issue, and that where the owner of the land did not raise such an issue by remonstrance, the benefits to his lands as shown by the report were conceded. This case also holds that, where the aggregate of the assessments which remain unchallenged by remonstrance, as shown by the report, exceeds the cost, the eighth cause of remonstrance can not be established, and that evidence will not be admitted to question the amount of an assessment which has not been challenged by a remonstrance raising such issue, presented by the owner of the land against which the assessment was made.

In this case the assessments which remain unchallenged by remonstrance when aggregated fall far short of the cost of construction. Evidence was introduced under remonstrances filed to prove the actual benefits to a large number of tracts and parcels of land affected by the proposed work. This evidence was competent in support of the eighth statutory cause of remonstrance as well as the fifth. Under the fifth, such evidence is proper and should be considered in deciding whether the particular assessment should be reduced; and, under the eighth it should be considered in connection with the cost of the proposed work in deciding whether the cost will exceed the total benefits.

The trial court found that the proposed work could not be accomplished without a cost exceeding the total benefits, and this court can not say from the record that there is not evidence to support this finding. Judgment affirmed.

Morris, J., dissents.

Note.—Reported in 108 N. E. 101. For instances of conclusiveness of judgment, see 14 Am. St. 250; 15 Am. St. 142. As to the procedure for the establishment of drains and sewers, see 60 L. R. A. 161. See, also, under (1) 3 Cyc. 181; (2) 3 C. J. 1415-1420; 2 Cyc. 1014; 3 Cyc. 388; (3) 14 Cyc. 1915 Anno. 1045-new; (6) 14 Cyc. 1041; (7) 14 Cyc. 1042; 14 Cyc. 1915 Anno. 1042-new; (8) 14 Cyc. 1915 Anno. 1042-21; (9) 3 Cyc. 360; (11) 14 Cyc. 1915 Anno. 1042-new.