## Adams, et al. v. Horn, et al.

(Decided May 28, 1920.)

### Appeal from Daviess Circuit Court.

1. Drains—Proceedings for Establishment.—In the trial of an action to establish a drainage ditch it was error to peremptorily instruct the jury to find for the petitioners where there was evidence in behalf of the exceptors which brought in question the practicability, propriety, benefits and utility of the improvement.

2. Drains—Proceedings for Establishment—Submission to Jury.—In a proceeding to establish a drainage ditch, where the evidence is conflicting, the court should submit to the jury, under proper instructions, the practicability and propriety, as well as the needs and resulting benefits of such improvement.

3. Drains—Proceedings for Establishment—Submission to Jury.—The amendatory act of 1918 (Ky. Stats., vol. 3, sec. 2380-49), requiring 25% of the property owners to petition for a ditch, expressly excepts from its provisions proceedings instituted prior to the passage of the act.

4. Drains—Proceedings for Establishment—Trial.—Under the drainage act of 1912, trials in circuit courts are de novo and the issues should be confined to those raised in the lower court, but where exceptions had been filed in the lower court, these exceptions upon appeal could be amended where, as in the instant case, the effect of the amendment was to reduce the limits of the territory sought to be excluded by the original exceptions.

AUD & HIGDON and T. F. BIRKHEAD for appellants.

J. R. HAYS and R. MILLER HOLLAND for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This is an action under the drainage act of 1912 (Ky. Stats., ed. 1915, sec. 2380), instituted by appellee Horn and others for the establishment of a drainage ditch for the improvement of what is known as Burnett's creek, a tributary of Panther creek. Viewers were appointed, made their report, exceptions were filed and a trial had. During the trial in the county court exceptors tendered amended exceptions raising the question as to the right to establish a separate drainage district within the district already established. The court refused to allow said exceptions to be filed and peremptorily instructed the jury to find in favor of the construction of the ditch. An appeal was taken to the circuit court which ordered the exceptions filed and the petition was dismissed. The circuit court was reversed in an opinion reported in 184 Ky. 824, 212 S. W. 108, Horn, etc. v. Adams, et al., the only question on that appeal being whether a drainage district could be organized within the limits of an established district. This court held that such could be done. After the return of the case to the circuit court, and before trial, further amended exceptions were tendered, but the circuit court refused to allow these to be filed. There was a verdict at the hands of a jury in favor of petitioners and this appeal is to reverse that judgment.

The court in its first instruction peremptorily told the jury to find in favor of the improvement. This was error. Many witnesses were introduced by the respective parties. Those testifying for the petitioners set forth the insufficient drainage in the vicinity and the benefits that would accrue from the construction of the ditch, as well as its needs, its practicability, propriety and other statutory requirements. This evidence was contradicted by witnesses introduced by the exceptors, thus the question was for the jury.

It is provided in subsection 3, Kentucky Statutes, section 2380, edition of 1915, that the viewers shall report whether the proposed improvement is practicable and the route the proper one, whether it will benefit the public health, comfort or convenience, or any public highway or be conducive to the general welfare of the community, the accruing benefits to the lands and whether the lands affected are included in the proposed district. It is also provided:

"If the board of viewers shall find the improvement practicable, but the route named in the petition improper

or impracticable, they may so state, showing therein the proper and practicable route . . . and

"If the viewers report that the improvement is practicable, and will benefit the public health or any highway, or will be conducive to the general welfare of the community affected, then the proceeding shall be continued, for process and for further orders."

The practicability and propriety of the route selected, as well as the needs or accruing benefits were not submitted to the jury.

In instruction No. 2 the jury was told to find against the exceptors unless they believed their land would not be benefited by the proposed improvement, in which event the jury should find in favor of any exceptors not deriving benefits from the improvements against the other. This was the only question submitted to the jury.

Instruction No. 3 was tendered by appellant and is not complained of. The substance of instructions B and C tendered by appellant was included in instruction No. 2 given by the court.

Appellant was not entitled to have instruction D given to the jury, but the theory sought to be included therein should be embodied in an instruction given upon the next trial.

There was no foundation for instruction E. In this instruction it was sought to have the jury told that it was necessary that 25% of the landowners petitioned for the ditch. It is true by an amendment of March, 1918, it is provided that a petition for a ditch shall be signed by not less than 25% of the landowners in a proposed district, but by a later section of the amendatory act it is expressly provided that:

"All proceedings heretofore had under the act, and all steps taken to organize districts thereunder, and all districts heretofore entered into, and all bonds heretofore issued, or ordered or directed by the board of drainage commissioners to be issued under the same act are hereby validated and made valid; and all such districts heretofore organized are declared to be valid and existing districts, and all acts and proceedings heretofore done, had and performed by each of said districts and the board of drainage commissioners acting for them, and for each of them, and all acts of the viewers and of the board of drainage commissioners and of the court in respect thereto, are hereby declared to be legal

and valid in all respects." (Ky. Stats., 1918, sec. 2380-49.)

Thus the court did not err in refusing to give instruction E.

It is provided by statute that trials in the cricuit court shall be *de novo*, and the cases shall be tried and docketed as other cases are tried; that the issues shall be confined to those raised in the lower court; no new issues shall be considered. This language of the statute is cited in support of the court's refusal to permit exceptors to file amended excep tions upon the return of the case to the circuit court. The tendered amendments did not raise new issues but pertained to issues raised by the original exceptions filed in the county court. In the original exceptions objection was made to the inclusion, in the drainage district, of any land north of the Leitchfield public road. By the amendment the territory sought to be excluded, instead of being enlarged was diminished, and the exceptions limited to so much of the territory as was situated more than fifty yards north of said Leitchfield public road. The court should have permitted the amended exceptions to be filed.

In Midkiff, et al. v. Carter, et al., this day decided, 188 Ky. 339, 222 S. W. 92, which was an appeal from the same judicial district as the present case, we approved as substantially correct the instructions given by the lower court. These instructions might be followed on the next trial in so far as applicable to the facts of this case.

For the reasons given the judgment will be reversed for further proceedings consistent herewith.