## Midkiff, et al. v. Carter, et al.

(Decided May 28, 1920.)

### Appeal from Ohio Circuit Court.

1. Drains—Proceedings for Establishment.—In a proceeding to establish a drainage ditch. where the district approved by the viewers did not cover the extent of territory embraced in the petition seeking its establishment, persons named in the petition as the owners of land affected, who were not in the drainage area, as approved by the viewers and whose land would not be taxed for the improvement, were not necessary parties to the proceeding.

2. Drains—Proceedings for Establishment—Parties.—Where persons owning land below the mouth of a proposed drainage ditch tendered their petition to be made parties defendant five years after the proceedings were instituted, held, they were not entitled to be made parties at such late day. While not necessary parties, had their pleading been tendered in seasonable time, it would not have been improper for the court to have allowed them to be made parties.

3. Drains—Evidence.—Evidence as to the effect of a proposed drainage ditch on lands below the mouth of the ditch was incompetent and was properly rejected by the court.

4. Drains—Proceedings to Establish—Opinions of Witnesses.—The court did not err in refusing to permit witnesses to give their opinion as to the practicability of the proposed ditch, having testified to the facts, it was then for the jury to draw its own deduction from said facts and from the other evidence in the case.

5. Appeal and Error—Reversal—Prejudicial Error.—A reversal will not be ordered for mere error in the admission or rejection of testimony or in the conduct of the trial, unless said error is prejudicial to the right of the complaining party, it being well nigh impossible to have an errorless record in a contested law-suit.

6. Trial—Instructions.—Instructions given by the court in a proceeding to establish a drainage ditch examined and approved.

7. Drains—Proceedings to Establish.—In a proceeding to establish a drainage ditch where the exceptors without objection introduced their evidence first and were granted the concluding argument they have no ground for complaint.

8. Drains—Viewers' Report.—The viewers' report makes out a prima facie case for the petitioners in a suit to establish a drainage ditch.

J. S. GLENN and BARNES & SMITH for appellants.

HEAVRIN & MARTIN and WOODWARD & KIRK for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

In June, 1913, appellee Carter and others petitioned the county court for the establishment of a public drainage ditch or drain. Upon a trial of said proceedings in the county court there was a judgment adverse to the establishment of the ditch, and a like result followed a trial in the circuit court. Petitioners appealed to this court, and in an opinion reported in 179 Ky. 164, 200 S. W. 369, Carter, et al. v. Griffith, et al., the judgment of the lower court was reversed because of erroneous instructions and the admission and rejection of testimony.

After the mandate of reversal was filed in the court below the case was assigned to the September, 1918, term for trial, and during said term J. J. Midkiff and eighteen others, in two separate pleadings, petitioned the court to be made parties defendant to the proceedings. It was alleged that they (Midkiff and others, hereinafter referred to as petitioners) owned land bordering on the banks of Panther creek, and below the mouth of the proposed improvement, and that their lands would be materially affected and injured by the establishment of said ditch. It was further alleged that water flowing into the ditch would be collected in greater quantity and reach the channel of the creek in a much shorter period of time, thereby causing the banks of Panther creek to overflow and be discharged on petitioners' lands, wash

the soil therefrom, deposit sand and other debris thereon, destroy their crops and otherwise injure their land.

The petitions were ordered filed, but later, on motion of appellees, they were stricken from the record. The case was heard on exceptions filed by the remaining appellants and from a verdict favorable to the establishment of the ditch exceptors and petitioners have appealed.

A reversal is asked on three grounds. These will be discussed in the order named.

1. Alleged error in refusing to permit Midkiff and others to be made parties.

This proceeding had been pending for something over five years, at the time these petitions were filed. In the petition seeking the organization of the drainage district and the establishment of the ditch, some of the petitioners were named as persons whose lands would be affected by the improvement. The viewers, however, did not report favorably upon the ditch as proposed by appellees. Had the viewers followed the route outlined in the petition the lands of many of the petitioners would have been included, but they reported in favor of a more restricted district than that sought, thus eliminating the land of some of the petitioners.

Summons was issued only against those included in the viewers' report, and this is assigned as error. These proceedings were instituted under the act of 1912 (Ky. Stats., 1915, sec. 2380), in the 4th section of which it is provided that if the petition for the ditch be not dismissed, process shall issue against the landowners named in the petition and in the viewers' report. This it seems was done. No process was issued against anyone whose land was not included in the viewers' report. It is said that though petitioners were not included in the district as recommended by the viewers, that inasmuch as their lands are immediately below the mouth of the proposed ditch they will be damaged for the reasons heretofore given, hence were necessary parties. The statute, *supra*, provides that after notice to all persons whose lands are shown to be affected by the proposed improvement, the action on the viewers' preliminary report shall stand for exceptions as to each and every party brought before the court at the next regular term of the county court, after process shall have been executed for the requisite time. It was the evident intention of the law-

makers to limit the inquiry and the right to file exceptions to those included in the viewers' report.

The effect of the proposed ditch upon those owning land below the mouth thereof is problematical, and if damage results from the construction of said ditch the failure to make petitioners parties would in nowise bar or estop them from the prosecution of any action available to them. The statute was not intended, nor will it be construed as depriving petitioners of any rights or remedies to which they were entitled. Williams v. Wedding, 165 Ky. 361, 176 S. W. 1176. Petitioners were not assessed for any portion of the improvement; they are not within the drainage area or district as approved by the viewers, therefore, the court was not compelled to permit them to be made parties, 19 C. J. 940.

In Latham v. Chicago, B. & O. R. Co., 100 Neb. 173, construing a statute similar to ours the court says:

"The statute does not contemplate that the question of the rights and liabilities of the district to third persons shall be determined in such proceeding. It is not intended that landowners without the district, who will not be assessed for the cost of the improvements, shall prevent the organization of a drainage district by landowners consenting to be assessed for the cost of the improvements."

In said opinion it was also held that the drainage act did not contemplate that the question of damages raised by third persons would be decided at the hearing upon the application for the formation of a district.

Then too, the petitioners raised an issue not before the county court, a proceeding prohibited by statute. In subsection 5 of the drainage act of 1912, it is provided:

"Said proceeding shall be docketed and tried in the circuit court, as other civil cases are tried, except that the issues shall be confined to those raised in the lower court, and no new issues not so raised shall be considered, and no summons need issue on the appeal."

While not necessary parties it would not have been improper had the court, upon motion seasonably made, permitted petitioners to be made parties, but the petitions were not tendered until more than five years after the proceedings were instituted. To permit petitioners at so late a date to file these pleadings might lead to almost endless delay and defeat the construction of the ditch. If accorded the relief sought, what would prevent

other landowners bordering on Panther creek, further distant from the mouth of the ditch, from later coming in, asking leave to be made parties, and to file exceptions? Then perhaps after these had been disposed of others would make a like request and so on *ad infinitum*. We do not think it was ever contemplated that persons below or outside of the proposed district should be made parties to the proceedings.

2. It is urged the court erred in the admission and rejection of evidence. Because of the conclusion above reached it follows the court did not err in refusing to allow appellants to introduce evidence as to the effect of the proposed improvements on the lands below the mouth of the ditch.

It is complained the court refused to permit four witnesses, "after they had testified to facts" (using the language of appellants' brief), to testify that it was not practicable to construct the proposed ditch. This very point was decided in the first opinion wherein, referring to certain witnesses, it is said:

"It was error to permit Dr. Carter and Sam Neal, who had not qualified as experts by showing any scientific or practical knowledge on the subject, to give it as their opinion that it was not practicable to drain the proposed district by a public ditch. They should have been permitted to testify only to the facts, thus leaving to the jury the right to draw its own deduction from the facts so stated and the other evidence in the case."

The same rule is applicable to the testimony of certain witnesses, as to whether in their opinion the establishment of the improvement would be beneficial to the general health or conducive to the general welfare. They were permitted to state the facts, as conceded in counsels' brief; further than this they were not qualified to testify. The testimony on the two trials is substantially the same.

The ditch involved in the present proceeding is known as the "Finley-Carter Ditch," and parallels the "Rhodes Ditch" in the Panther creek valley.

It is claimed witnesses for appellee were allowed to testify as to the advantages accruing from the construction of the Rhodes ditch, but that appellant's witnesses were denied the right to testify as to the disadvantages resulting therefrom. We have examined the evidence in this connection and we fail to find wherein the court

has ruled prejudicially to appellants. It is true the court sustained appellees' objection to certain questions propounded appellant's witnesses, but much evidence relating to the effect of the Rhodes ditch was admitted. On the other hand appellants' objection to similar questions propounded appellees' witnesses was sustained. Altogether it seems the advantage in this respect is with appellants.

It is but natural in a trial like this, with so many witnesses before the court, and so many questions of law and practice raised, that the court might err at times in passing upon the competency and incompetency of testimony. There are few contested cases where the record is free from error. The question is whether the ruling was prejudicial. We find no such errors in the record.

Refusal of the court to permit Dr. Barnett to answer a hypothetical question is likewise urged as error, but the question, covering as it does three pages of the transcript, is much involved, and is one that should more properly have been addressed to an engineer. The ruling of the court in refusing to permit the witness to answer was not error.

3. It is said the court erroneously instructed the jury. No useful purpose would be served in copying these instructions in the opinion. Standing alone the first instruction did not properly submit the case to the jury, but its insufficiency was cured by the second instruction, which referred back to and made the first instruction a part of the second the same as if copied therein, and taking the two as one instruction, as must be done, under the wording of the second instruction, they properly submitted the issue to the jury; certainly appellants have no cause to complain thereof. The third was but the converse of the second instruction. The fourth instruction given was tendered by appellants. Appellants were not entitled to have other tendered instructions given.

It is also urged in the brief that the court erred in holding that the burden of proof was with appellants. Appellants, without objection, introduced their evidence first, which gave them the concluding argument. There was no objection on their part to thus assuming the burden, nor was this alleged error made a ground for a new trial. The aforesaid statute provides that if the

report shows the proposed improvement is not practicable, or will not benefit the public health or any public highway, or be conducive to the community's general welfare, the petition for the ditch shall be dismissed. If a contrary condition is shown, the proceeding shall be continued for process and for further orders. The burden was on the exceptors as the viewers' report makes out a *prima facie* case for the appellants. Katterbury v. Arensman, 183 Ind. 347, 108 N. E. 101; Mapel v. Calhoun County, 179 Iowa 981, 162 N. W. 198; Hall v. Polk, 181 Iowa 828, 165 N. W. 981. It is so provided in the 1918 act, Kentucky Statutes, vol. 3, sec. 2380b-9.

Finding no grounds justifying a reversal the judgment is affirmed.