BECHTOLD ET AL. *v.* WAGNER ET AL.

[No. 26,053.   Filed December 11, 1934.   Rehearing denied March 12, 1935.]

*D. F. Brooks,* for appellants.

*George M. Eberhart,* for appellees.

TREANOR, J.—This is an appeal from a judgment against remonstrators to the report of commissioners appointed following the filing in circuit court of a petition for the repair of a public drain pursuant to §§6196, 6167-6169 and 6174, Burns Ann. Ind. St. 1926. (Acts 1907, ch. 252, p. 598, §§19, 2, 3 and 4, Acts 1919, ch. 68, p. 426, Acts 1925, ch. 126, p. 310, Acts 1917, ch. 90, p. 292.) The errors assigned are that (1) "the court erred in overruling the motion for new trial" and (2) "the court erred in its conclusions of law on the facts found by the court."

The sufficiency of the petition and the appointment of commissioners are not questioned. The commissioners

reported in favor of the construction petitioned for, that it "will be of public utility, and will benefit the public highways and public health and that the cost of construction of this ditch will be less than the benefits assessed to the landowners whose lands will be affected thereby." The commmissioners further stated in their report that they had assessed the benefits accruing to each tract of land, highways and railroad, a full and complete list of which assessments is set forth in tabulated form, together with a description of the lands, names of the owners and the amount of their respective assessments. The total of all benefits assessed in said report amounted to $15,892.38. The commissioners' estimate of the cost of construction, including all expenses, was $15,893.63. Appellants filed remonstrances to the report of the commissioners, based upon the 3rd, 4th, 5th, 7th, and 8th of the causes specified in §6174, Burns 1926, and upon those remonstrances trial was had. Both petitioners and remonstrators requested special findings. By its special findings Nos. 1 to 5 the court found in substance that the petition was filed, notice given, commissioners appointed, commissioners' report which was incorporated in the finding filed, that the report was "in due form in substantial compliance with the law," and that the drain as reported "will improve the public health and benefit the public highways of the county and be of public utility." In finding No. 6 the court found "that the aggregate benefits that will accrue to the lands assessed for the construction of said proposed drainage, and that will be affected thereby are $16,111.84, and that the estimated cost of construction is $15,893.63, and that it will be practicable to accomplish the proposed drainage without the expense exceeding the aggregate benefits to the land affected thereby. By finding No. 7 the court found that the lands of three remonstrators would be benefited by amounts specified

in the finding, which totaled $206.03 in excess of the amount assessed by the commissioners, that the lands of two remonstrators would be benefited by the amount assessed by the commissioners, and that the land of one remonstrator would not be damaged, as alleged in his remonstrance.

The court stated its conclusions of law upon the special findings as follows:

"1st. That the report of the Drainage Commissioners as set out in Finding No. 2 should be approved and the drainage therein reported and provided established, and the assessments as made by said commissioners against the various tracts and parcels of real estate therein described should be approved and confirmed and the said drainage referred to some suitable commissioner for construction.

"2nd. And the costs of this proceeding should be paid from the fund derived from the assessments."

Appellants' motion for new trial was upon the grounds that the decision of the court and findings Nos. 6 and 7 were contrary to law and not sustained by sufficient evidence.

Under "Propositions and Authorities" appellants say: "in all argument on authorities but the one point is involved, that is, whether the court has the power to increase assessments made by the commissioners in a drainage proceeding," and in "Argument" they contend that "there is but one question involved in this appeal. That is, the power of the court to order a ditch built where the report of the commissioners shows that the benefits are less than the costs."

Appellants point out that the court failed to confirm the increased assessments as contained in special finding No. 7, but approved the commissioners' report wherein the cost of the drainage was estimated at an

amount which was larger than the total of the assessed benefits, as tabulated.

It is provided by §6169, Burns 1926, that the commissioners appointed by the court after the filing of a petition for a drain shall ". . . make personal inspection of the lands described in the petition, and of all other lands likely to be affected by the proposed work; and consider: First, whether the drainage proposed is practicable; second, whether, when accomplished, it will improve the public health or benefit any public highway in the county or street of a town or city, or be of public utility; and, third, whether the costs, damages and expenses of effecting the drainage will be less than the benefits to the owners of the lands likely to be benefited by the proposed drainage." The statute further provides: "If they find any of these inquiries in the negative, they shall make report of such findings to the court, and thereupon the petition shall be dismissed at the costs of the petitioners. But if they find otherwise, they shall proceed and definitely determine the best and cheapest method of drainage, termini and route . . . estimate the cost thereof . . . assess the benefits or damages as the case may be to each separate tract of land to be affected thereby . . . and to make report to the court, under oath, as directed: . . ."

It is true that the total of the benefits assessed by the commissioners was $1.25 less than their estimate of the cost of construction, including expenses. But the statute only provides for dismissal of the petition when the commissioners have reported a negative finding to their consideration of the proposition as to "whether the costs, damages and expenses of effecting the drainage will be less than the benefits to the owners likely to be benefited." The fact that the commissioners reported

that "the cost of construction of this ditch will be less than the benefits assessed to the landowners whose lands will be affected thereby" considered with the fact that they did "proceed and definitely determine the best and cheapest method of drainage," etc., makes it clear that they did not find in the negative in considering the proposition as to whether the costs would be less than the "benefits." In the case of *Grimes et al.* v. *Coe et al.* (1885), 102 Ind. 406, 1 N. E. 735, it was urged "that the finding was wrong, because the report of the commissioners does not show that the ditch can be constructed for a sum less than the benefits assessed." The court said, p. 407:

> "We think this argument is based on an erroneous construction of the report. The report states in express terms that the ditch can be constructed for a less sum than the estimated benefits. We think this means all expenses, direct and incidental. We do not understand that the commissioners are required to set forth evidence, but that all that is required is that they shall state their conclusions of fact.
>
> "It is true that the tabulated statement in the report shows benefits to exactly equal the cost of constructing the ditch, but we think that the positive finding of the commissioners, directly stated, is not controlled by this table of estimates. The tabulated statement was made for another purpose, and was not intended to control the positive finding. The report is in substantial conformity to the provisions of the statute, and we can not hold that the proceedings are to fail simply because of a trifling inconsistency in its statements."

The trial court acted properly in not dismissing the petition upon the filing of the commissioners' report.

An issue of fact was presented to the trial court by assignment of the 8th statutory cause for remonstrance: "that it will not be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits." In

determining that issue the court could consider any evidence going to the question of whether the cost would exceed the aggregate benefits. The commissioners' report was evidence upon that question, but at most it could only have made a prima facie case as to the amount of such cost and benefits, which prima facie case was affected by the introduction of evidence of amounts varying from those contained in the report. *Katter-henry* v. *Arensman* (1915), 183 Ind. 347, 108 N. E. 101. In the instant case the court heard evidence of benefits in excess of the amounts assessed by the commissioners. The statute provides that "if the finding and judgment of the court be in support of the remonstrance or remonstrances on the eighth, ninth or tenth causes of remonstrance, the proceedings shall be dismissed." The findings indicate that the court found against the remonstrance upon the 8th statutory cause and therefore it was proper not to dismiss the proceedings.

The statute also provides that, "If the remonstrance or remonstrances shall be sustained by the court on the second, third, fourth, fifth, sixth or seventh causes of remonstrance, the court may modify and equalize the assessments, as justice may require, by diminishing the assessments on some tracts and increasing it on others, or by giving or withholding damages, . . ." It further provides that, "If the finding and judgment of the court be against the remonstrance or remonstrances on the second, third, fourth, fifth, sixth and seventh causes, as above set out, the assessments made by the commissioners shall be confirmed, and the order of confirming shall be final and conclusive." (§6174, Burns, etc., 1926.) While the court found that the lands of certain remonstrators were benefited by a sum that was larger than that contained in the commissioners' report, it no-

where appears in the findings, conclusions of law, or judgment that any of the remonstrances were sustained by the court. On the other hand, the court, by its conclusions of law and judgment, confirmed the assessments as made by the commissioners, which conclusions and judgment were authorized only if the finding and judgment was against the remonstrances on the 3rd, 4th, 5th, and 7th of the statutory causes alleged therein.

As pointed out above appellants state that "in all argument on authorities but the one point is involved, that is, whether the court has the power to increase assessments made by the commissioners in a drainage proceeding." It is clear from the foregoing discussion that this point is not involved in this appeal unless it is made material by the finding of the court that certain lands of the remonstrators were benefited more than the amounts assessed by the commissioners. The finding of the court that certain parcels of land would be benefited more than the amounts fixed by the commissioners does not increase the "assessments made by the commissioners." The legal effect of this finding was to support that part of the report of the commissioners which states that "the cost of construction of this ditch will be less than the benefits assessed to the landowners whose lands will be affected thereby."

But since the judgment appealed from adopts the assessments made by the commissioners this appeal presents no question as to the correctness of the court's action in raising assessments made by the commissioners, pursuant to the power conferred by statute upon the court "to modify and equalize the assessments as justice may require."

There were innumerable conflicts in the evidence as to whether the drainage reported was needed and

whether it would benefit the remonstrators. However, there was evidence tending to justify the establishment of the drainage as reported and to sustain the amounts assessed against the lands affected, which were complained of. Also, there was evidence that it would be practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefits. This court will not weigh the evidence, but will accept the decision of the trial court upon the weight of the evidence.

Judgment affirmed.