CAMPBELL ET AL. v. ACCORD ET AL.

[No. 28,272.   Filed March 28, 1947.]

*Weir & Weir* and *Warner, Clark & Warner*, all of Muncie, for appellants.

*William H. Bales* and *George W. Pierce*, both of Muncie, for appellees.

O'MALLEY, J.—Herman Collins and others filed a petition in the Delaware Superior Court, wherein they

requested the establishment of a drain. Viewers were appointed and reported in favor of the petitioners and the engineer filed his report setting forth the estimate of benefits and of damages. Remonstrances to the report of the engineer were filed by Vinson R. Janney, Fred Campbell and Pearl Campbell, appellants herein, attacking the engineer's report on a number of grounds, but not including the eighth statutory cause. A trial was had on the remonstrances, and at the conclusion thereof, the court found for the remonstrators and modified the report. The benefits assessed against the Campbells were eliminated and damages were granted to both Janney and the Campbells, but the report was confirmed in all other things.

The evidence is not brought into the record on appeal, and here we are confined to the report of the engineer and the judgment of the court as a basis for a decision on the claimed error of the lower court.

The assignment of error is that the court erred in rendering judgment establishing the drain. No motion for a new trial was filed, but no question is predicated on that phase of the case.

The appellants assert that the estimated benefits and damages, as shown by the engineer's report, when considered in the light of the judgment eliminating the benefits against the Campbells and granting damages to both Janney and the Campbells, conclusively show that the costs will exceed the benefits. Upon that proposition, it is claimed the court should not have rendered judgment establishing the drain. This contention is based on § 27-109 and § 27-116, Burns' 1933 (Supp.), and two decisions of this court which we will later discuss.

Section 27-109, Burns' 1933 (Supp.), merely sets forth the procedure to be followed by the viewers and

the engineer. It sets forth three tests which must be found in favor of the petitioners before the viewers can report favorably on the establishment of the drain. One of the three is that the costs must not exceed the benefits and in the instant case the viewers had to find favorably on that test before making a favorable report. The fact that such report was made is not questioned in this appeal, but it is claimed that even though such report was made and was unquestioned in the lower court, nevertheless, the court was bound to refuse to enter a judgment establishing the drain because there were changes made in benefits and damages.

Section 27-116, Burns' 1933 (Supp.), contains directions to the court for trying the questions raised and it is only when the finding is based on the eighth, ninth or tenth causes and is in favor of the remonstrators that the proceeding is ordered dismissed. Here the finding was based upon the second, third, fifth and sixth causes and the court could modify or change both the benefits and damages which were challenged. It may be that the court should have changed other benefits or damages, but there is no showing that the failure of the court to so do will in any way affect the rights of the appellants.

One authority upon which the appellants seem to rely is *Trittipo* v. *Beaver* (1900), 155 Ind. 652, 58 N. E. 1034, where this court held that when the remonstrance questioned the proposed construction of the drain as a whole, the burden was on the petitioners on appeal in the circuit court, but when the objection went only to remonstrant's particular assessment of benefits or damages, the burden of proof rested on the remonstrant. In the instant litigation the project as a whole was not questioned by remonstrance,

and under the authority of the above case, all matters not objected to were admitted. We fail to understand how the above authority can be the source of any comfort to the appellants.

The other authority upon which the appellants rely is the case of *Roberts* v. *Gierss* (1885), 101 Ind. 408, which determined that (1) whether or not the benefits exceed the costs of the proposed drain, and (2) whether or not certain lands would be benefited to the extent found, could not be first raised on appeal, and that both of these matters were for the determination of the commissioners in the first instance.

In the instant case the report of the viewers found that the benefits would exceed the costs of the project. The ruling on that question was not attacked by remonstrance. Under the above decision we could find authority for saying that the appellants cannot be permitted to raise that question, for the first time, in this court.

The contention of appellants is that because of a change in the benefits and damages of two remonstrators, the lower court should have changed the figures of benefits and damages as found in the engineer's report so that the total benefits and costs would be correctly reflected. If the question of the benefits and costs of the project were to be considered as a whole, the court below would not have been bound by the figures in the estimate. It would have heard evidence, and on that evidence it would have determined the benefits and costs as a whole.

In *Bechtold* v. *Wagner* (1935), 208 Ind. 1, 6, 7, 192 N. E. 889, 891, this court when considering the same question said:

". . . In determining that issue the court could consider any evidence going to the question of whether the cost would exceed the aggregate bene-

fits. The commissioners' report was evidence upon that question, but at most it could only have made a prima facie case as to the amount of such cost and benefits, which prima facie case was affected by the introduction of evidence of amounts varying from those contained in the report. *Katterhenry* v. *Arensman* (1915), 183 Ind. 347, 108 N. E. 101."

The remonstrance in the above case was based on an objection to the project as a whole and asserted as a ground that the costs would exceed the benefits. ■ Here that question was never presented to the court below. It is asserted here on an independent assignment of error, and not on the overruling of the motion for a new trial. The appellants are attempting to have this court rule on a question which was not considered below.

Upon the record as presented we do not find any reversible error and the judgment is affirmed.

NOTE.—Reported in 72 N. E. (2d) 37.