Bell *et al. v.* Cox *et al.*

Filed Feb. 18, 1890.

122  153
132  596
122  153
141  432
122  153
147  154
122  153
f 162  372

No. 14,075.

## BELL ET AL. *v.* COX ET AL.

DRAINAGE.—*Petition.*—*Parties Defendant.*—Persons who have no title of record need not, under the statute, be made defendants to a drainage petition, but if they have an interest in the land affected by the proposed ditch, they may come in and defend.

SAME.—*Parties Admitted on Application.*—*Rights of.*—*Remonstrance.*—Such persons admitted on application may attack the petition or remonstrate, their rights being substantially the same as those of the original parties except in so far as they are limited or qualified by law.

SAME.—*Dismissal of Petition.*—*Land-Owners.*—Where the statute provides that " if two-thirds in number of the land-owners named as such in the petition resident in the county or counties where the lands affected are situated shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners," it is error to dismiss the petition unless two-thirds in number of the resident land-owners remonstrate.

From the Fulton Circuit Court.

*J. Rowley, M. A. Baker, J. S. Slick* and *F. H. Terry,* for appellants.

*G. H. Holman* and *R. C. Stephenson,* for appellees.

ELLIOTT, J.—The appellants petitioned for the establishment of a ditch, and after their petition was filed some of the appellees were admitted as parties and permitted to defend.

There was no error in permitting new parties to come in. Persons who have no title of record, need not, under the statute, be made defendants to a drainage petition, but if they have an interest in the land affected by the proposed ditch, they may come in and defend. The policy of the law is to permit the legal contest to be waged by the real parties in interest, and petitioners have no just cause to complain where the court, upon due and seasonable application, permits the real parties in interest to oppose the establishment of a public ditch.

An owner who fails to put his title of record can not complain if the petitioners do not make him a party; but his failure to put his title on record does not estop him from applying for leave to be admitted to defend. *Stewart* v. *White,* (Mo.) 11 S. W. Rep. 568.

Persons who are of right entitled to defend may attack the petition, or they may remonstrate; for their rights are substantially the same as those of the original parties, except in so far as they are limited, or qualified, by law.

Where, as here, the statute provides that " if two-thirds in number of the land-owners named as such in the petition, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain, or ditch, such petition shall be dismissed at the cost of the petitioners" (Elliott's Supp., section 1186), it is error to dismiss the petition unless two-thirds in number of the resident land-owners remonstrate. It is quite clear that non-resident land-owners can not be

computed in determining the number necessary to secure the dismissal of a petition.

The statute expressly designates the class of land-owners whose remonstrance shall prevail against the petition, and the express mention of one thing implies the exclusion of all others.

The court below erred in dismissing the petition upon the ground that a sufficient number of persons to defeat the proceeding united in the remonstrance.

Judgment reversed.

