FRANK M. MUNGER *et al.*

*v.*

JOHN V. CROWE *et al.*

*Opinion filed December 20, 1905.*

VENUE—*when injunction suit "may affect real estate."* A proceeding to enjoin individuals from removing one wing of a court house to another part of the court house ground is a suit which "may affect real estate," within the meaning of section 3 of the Chancery act, and must be brought in the county where the court house is located.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

On July 25, 1903, Frank M. Munger and M. J. Henaughan, the appellants, who are residents and tax-payers of DeKalb county, filed a bill in the superior court of Cook county for an injunction to restrain John V. Crowe and Albert J. Crowe, who are residents of Cook county, from removing the west wing of the court house at Sycamore, in DeKalb county, from its present site to another part of the court house grounds. A temporary injunction issued in accordance with the prayer of the bill. The defendants filed a sworn answer and a motion to dissolve the temporary injunction and to dismiss the bill for want of equity, and presented affidavits in support of said motion. The court, upon considering the pleadings and affidavits, entered a decree dissolving the injunction. Complainants prayed an appeal from that decree, and the court thereupon dismissed the bill for want of equity. Complainants appealed from the decree dissolving the injunction and dismissing the bill to the Appellate Court for the First District. That court affirmed the decree of the superior court on the ground that a decree in conformity with the prayer of the bill would affect real estate wholly in DeKalb county, and that the courts of Cook county therefore had no jurisdiction of the cause. Complainants in the bill prosecute a further appeal to this court.

The facts material to a decision of the questions here presented are as follows:

At an adjourned regular meeting of the board of supervisors of DeKalb county, held on June 11, 1903, a special building committee was appointed pursuant to a resolution of the board. On the following day a resolution was adopted by the board accepting and adopting plans and specifications prepared by H. T. Hazelton, an architect, for the erection of

a court house for DeKalb .county, said plans to be subject to changes and approval of said special building committee, and Hazelton was directed to provide the balance of the specifications and details necessary to furnish and complete the court house and file a copy thereof with the county clerk by June 26, 1903. By the resolution the special building committee was authorized and directed to take steps to remove the west wing of the present court house, and vaults therein, to some convenient place on the court house grounds, for use during the construction of the new court house.

On June 26, 1903, the special building committee accepted the bid of $1600 made by the appellees for the removal of the west wing and vaults, and on July 1, 1903, entered into a contract with appellees based upon such bid. Appellees entered upon the performance of the contract, but were restrained from completing it by the temporary injunction herein.

Appellants contend that a decree in accordance with the prayer of the bill would not affect real estate in DeKalb county, and that as the defendants were residents of Cook county, the suit was properly commenced in the latter county. They also urge that the contract under which appellees were working is void, and that appellees had no authority to proceed under that contract.

LLOYD C. WHITMAN, and HARRY W. McEWEN, (KERN & BROWN, of counsel,) for appellants.

HOPKINS, DOLPH, PEFFERS & HOPKINS, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The first question presented is, did the superior court of Cook county have jurisdiction of this suit? This must be determined by section 3 of chapter 22, Hurd's Revised Statutes of 1903, which reads as follows:

"Suits in chancery shall be commenced in the county where the defendants, or some one or more of them resides; or if the defendants are all non-residents, then in any county; or if the suit may affect real estate, in the county where the same or some part thereof is situated. Bills for injunctions to stay proceedings at law shall be brought in the county in which the proceedings at law are had."

It is contended by appellees that the superior court of Cook county did not have jurisdiction of the suit because it was a suit which may affect real estate in DeKalb county.

Appellants insist this suit would not affect real estate, and that the injunction operates upon the individuals only.

The court house of DeKalb county was a part of the realty on which it was located. Removing it, or a part of it, from its location necessarily affects the real estate on which it is located and of which it is a part. Restraining the removal of a building by one having or claiming the right to remove it, from one part of certain real estate to another part thereof, has a physical and material effect on the real estate.

"The meaning of the word 'affect,' as used in the statute, is to act upon, which indeed is its ordinary signification." *Enos* v. *Hunter,* 4 Gilm. 211.

If the court, to grant the relief sought, must deal directly with the real estate itself, then the suit is one "which may affect real estate." *Johnson* v. *Gibson,* 116 Ill. 294; *Hayes* v. *O'Brien,* 149 id. 403; *Craft* v. *Indiana, Decatur and Western Railway Co.* 166 id. 580.

The effect of this suit, if an injunction should be awarded, would primarily be upon the persons enjoined, but its practical and ultimate effect would be upon the real estate. If the injunction did not have that effect it would be useless. While it would restrain the persons from acting, it is clear that the resultant effect on the property was the end sought. If the object of the suit were to compel the removal of a building from the real estate it would scarcely be contended

that real estate would not be affected thereby, and it seems equally clear that where an injunction is sought to prevent the removal or physical disturbance of a part of the real estate the suit is one which "may affect real estate." By such an injunction the court would, so far as matter of substance is concerned, deal directly with the real estate itself.

As we are of the opinion that the superior court was without jurisdiction, for the reason that the suit could under the statute be properly brought only in DeKalb county, it is unnecessary to consider the other propositions which have been urged upon our attention.

The decree will be affirmed.

*Decree affirmed.*