HAYS ET AL. *v.* BENNINGTON ET AL.

[No. 24,982.    Filed May 11, 1926.  Rehearing denied October 15, 1926.]

1. LEVEES AND FLOOD CONTROL.—*Proper ·remedy for defective preliminary report of levee commissioners is to have it corrected and not motion to dismiss.*—In a proceeding for the construction of a levee under §9573 *et seq.* Burns 1926, if the preliminary report of the levee commissioners, provided for in §2 of the act (§9574 Burns 1926) is defective in any way, the proper remedy is to have it corrected, and not a motion to dismiss.  p. 309.

2. LEVEES AND FLOOD CONTROL.—*That preliminary report of levee commissioners did not describe course of proposed levee, or properly describe its terminus could not affect jurisdiction of the court.*—The fact that the preliminary report of the levee commissioners, provided for in §2 of the act of 1907 (Acts 1907 p. 404, §9574 Burns 1926) did not contain a sufficient description of the course of the proposed levee, or properly locate its terminus, could not affect the jurisdiction of the court having charge of the proceeding.  p. 309.

3. LEVEES AND FLOOD CONTROL.—*"Two-thirds remonstrance" must be signed by two-thirds. of landowners affected by the improvement, "as shown by the preliminary report" of the levee commissioners.*—The statute authorizing the construction of levees (§9573 *et seq.* Burns 1926) provides for the filing of a "two-thirds remonstrance," thereby defeating the improvement, but it must be signed by two-thirds of the landowners affected, "as shown by the preliminary report" of the levee commissioners.  p. 310.

4. LEVEES AND FLOOD CONTROL.—Signers of a "two-thirds remonstrance" to a petition for the construction of a levee have the burden of proving that they constitute the required number of qualified remonstrators as fixed by §9574 Burns 1926. p. 310.

5. LEVEES AND FLOOD CONTROL.—Who and how many as petitioners may institute and maintain a proceeding for the construction of a levee, and who and·how many may arbitrarily defeat it by filing a remonstrance, are matters exclusively within the control of the legislature.  p. 310.

6. LEVEES AND FLOOD CONTROL.—*Court's finding that less than two-thirds of landowners affected by construction of a levee had joined in "two-thirds remonstrance," held not erroneous.*—In a proceeding for the construction of a levee under §9573 *et seq.* Burns 1926, the court's finding that less than two-thirds

of the landowners that would be affected by the construction thereof, as shown by the preliminary report of the levee commissioners, had joined in the remonstrance opposing the construction, was not erroneous, in the absence of any evidence as to how many of those listed in the report actually were owners of land that would be affected and how many of the signers of the remonstrance were among those owners.   p. 310.

7.  LEVEES AND FLOOD CONTROL.—*After the filing of a "two-thirds remonstrance" in a levee proceeding, testimony that certain landowners not mentioned in the report would be entitled to damages was properly stricken out.*—Where a "two-thirds remonstrance" had been filed in a levee construction proceeding, the only issue before the court was whether two-thirds of the landowners that would be affected, "as shown by the preliminary report" of the levee commissioners, had joined in the remonstrance, and testimony that certain landowners that were not mentioned in said report would be entitled to damages resulting from the construction of the levee was properly stricken out, though they had been given leave to intervene.   p. 311.

8.  LEVEES AND FLOOD CONTROL.—*Court may properly permit anyone showing himself to be the owner of lands which will be affected to intervene and file remonstrance for any of the statutory causes.*—In a proceeding for the construction of a levee under §9573 *et seq.* Burns 1926, the court may properly permit anyone showing himself to be the owner of lands which he claims will be affected to intervene and file a remonstrance for damages for land taken or injured or for any or all of many reasons specified in the statute.   p. 311.

9.  LEVEES AND FLOOD CONTROL.—*In levee proceeding, one landowner cannot interfere with the proceeding for errors therein affecting other landowners only.*—The statute regulating the construction of levees (§9573 *et seq.* Burns 1926) expressly provides (§7 of the act, §9579 Burns 1926) that no one shall "be permitted to take advantage of any error, defect or informality which does not directly affect himself," from which it follows that one landowner cannot interfere with the proceeding for errors therein affecting other landowners only.   p. 313.

10.  LEVEES AND FLOOD CONTROL.—*Overruling exceptions to preliminary report of levee commissioners not presented for review on appeal.*—Where exceptions to the preliminary report of levee commissioners (Acts 1907 p. 404, §2, §9574 Burns 1926) were not verified or supported by affidavits, and no evidence supporting them is pointed out in appellant's brief, no question is presented on appeal as to the action of the court

in overruling such exceptions; especially where the bill of exceptions containing the evidence is not indexed as required by Rule 3 of the Supreme Court. p. 313.

From Daviess Circuit Court; *William D. Curll,* Special Judge.

Petition by Thomas Bennington and others for the construction of a levee, to which T. (Thomas) J. Hays and others filed a "two-thirds remonstrance." From a judgment on a finding that the remonstrance was insufficient, the remonstrators appeal. *Affirmed.*

*Alvin Padgett, Arthur Rogers, C. K. Tharp* and *C. G. Gardiner,* for appellants.

*J. G. Allen, E. E. Hastings, A. W. Allen, J. S. Hastings* and *G. A. Faith,* for appellees.

EWBANK, C. J.—Appellee Bennington and forty-six others filed a petition for the construction of a levee, approximately twenty-five miles long, in Daviess county, Indiana, along the east side of the west fork of White river. Three months later, the circuit court found the petition in all things sufficient and in due form according to law and referred it to commissioners, duly appointed and qualified, who filed a preliminary report a year later, stating that the proposed levee will be practicable and sufficient properly to protect the lands to be affected, that when accomplished such proposed levee will improve the public health, benefit public highways, and be of public utility, and stating the beginning point, general course and terminus of the main levee, and of two arms therein provided for, and what should be the average height of the levee, the breadth on top, the slopes, and the number of sewers and flood gates, and setting out descriptions of all the lands which will be thereby affected and the names and residences of the known owners thereof, including the names of corporations and highways. Notice by pub-

lication was thereupon given to the landowners mentioned in such preliminary report who were not already before the court. Appellants filed motions to dismiss the proceeding because of alleged defects in the preliminary report, in that it did not follow the exact course of the levee as petitioned for to the precise terminus named in the petition and that it described the course of the levee only in very general terms, instead of designating its exact location. These motions were overruled and appellants excepted. After the preliminary report had been filed, a large number of persons presented intervening petitions alleging that they were the owners of lands across the river from the proposed levee which would be affected by its construction, although they had not been named in the petition or preliminary report, nor otherwise made parties to the action. And the court thereupon entered an order that all of the intervening petitioners should be admitted as parties, and have the right to oppose the construction and establishment of said levee "in all ways provided by law, including injury and damages to their said real estate." Afterward, and within less than twenty days from the date when the preliminary report was filed, a number of persons filed remonstrances, asserting that they were owners of lands which would be affected by the establishment of the levee and construction of the proposed improvement, that such lands would be damaged by such construction in particulars as stated, and that they jointly and severally remonstrated against establishing and building the proposed improvement for that reason. This remonstrance was not signed by two-thirds of the persons named in the preliminary report as being owners of lands to be affected by the proposed improvement, nor did the signers who were not named therein claim to own any of the lands mentioned in the report, but all

those who had intervened and procured themselves to be admitted as parties after the preliminary report was filed by reason of· owning lands across the river joined in the remonstrance; and appellants insist that it was signed by more than two-thirds of the landowners actually affected. The issue whether or not this remonstrance was sufficiently signed by enough landowners to defeat the further maintenance of the action was submitted for trial and the court found "against the remonstrators, that two-thirds of the landowners affected, as shown by the preliminary report of the levee commissioners herein, have not remonstrated against the construction of the proposed improvement," and referred the petition back to the commissioners for a final report. A motion for a new trial filed by the remonstrators having been overruled, they perfected an appeal.

The first question for decision is whether or not the court lost jurisdiction of the proceeding by reason of alleged defects in the preliminary report of the 1, 2. levee commissioners, so that the motions to dismiss ought to have been sustained. Appellants' contention to that effect cannot be upheld. If the preliminary report was defective, the remedy would be to have the commissioners "amend and perfect" it. §9575 Burns 1926. And the mere fact, if it were a fact, that the report made by commissioners whom the court appointed did not contain a sufficient description of the course of the levee nor properly locate its terminus could not affect the jurisdiction of the court which appointed them. No motion was made to require that the commissioners should amend their preliminary report, nor was its amendment asked by remonstrance or otherwise, and we decide nothing as to whether or not it ought to have been amended in case a proper objection had been made and its amendment properly asked.

The statute provides that "if two-thirds of the land-owners affected, as shown by such preliminary report, shall, within twenty days after the filing of said preliminary report, remonstrate in writing against the construction of the proposed improvement, the petition shall be dismissed, and the court shall enter judgment against the petitioner or petitioners for all costs and expenses. * * * But if the court finds affirmatively as to each of such items, it shall refer the petition back to the commissioners with directions to proceed with the work and make their final report, as provided in the next section. Such order and judgment of the court dismissing the petition or in referring it back to the commissioners for a final report and all prior rulings and orders of the court in relation to such work shall be conclusive unless an appeal be taken therefrom to the Supreme Court." §9574 Burns 1926, §2, ch. 223, Acts 1907 p. 404, 409. "Two-thirds of the landowners affected, as shown by such preliminary report" means two-thirds of the owners of lands which the commissioners, in their preliminary report, have listed as being affected by the proposed improvement. And in order to establish the sufficiency of their "two-thirds" remonstrance, appellants had the burden of proof to show how many owners of such lands there were, and that of such owners a number not less than two-thirds had joined in the remonstrance. Who and how many, as petitioners, may institute and maintain such a proceeding, and who and how many may arbitrarily defeat it by merely filing a remonstrance saying they are opposed to it, are matters exclusively within the control of the legislature, and those who would procure the dismissal of a proceeding for the reason that they have remonstrated against it must show that they constitute the required number of qualified remonstrators, as fixed by the statute. But there

was no evidence introduced or offered to be introduced tending to prove that two-thirds of the owners of lands mentioned in the preliminary report as affected had signed the remonstrance. The remonstrance was read in evidence, with many names subscribed at the bottom, and the court had before it the preliminary report, which described part of the lands affected as owned by certain of these signers, to the number of about one-half. But there was evidence that some tracts of the lands listed in the preliminary report belonged to persons not therein named as owners, and that certain persons mentioned in the report as owners of lands affected did not own any lands at all. And in the absence of any evidence as to how many owners there were of lands so listed or how many of the signers were among those owners, we cannot say that the trial court erred in its finding that less than two-thirds of the owners of lands affected, as shown by the preliminary report, had signed the remonstrance.

The witness Curry testified that he and his sister owned lands across the river from the proposed levee, and over an objection by the petitioners was per-7, 8. mitted to testify that the proposed levee will deflect the flow of flood waters when the river is high so as to damage their lands. But afterward this testimony was struck out, which appellants say was reversible error. Nothing was before the court for trial except the issue whether or not "two-thirds of the landowners affected, as shown by the preliminary report," had joined in the remonstrance. And testimony that certain persons not owning any lands "affected, as shown by the preliminary report" were the owners of lands, not mentioned in that report, and would be entitled to damages for the construction of the levee, was not pertinent to the issue on trial. Neither did the fact that leave to intervene had been granted to Curry

and other owners of lands across the river, not mentioned in the preliminary report, with leave to file remonstrances asking for damages, make this evidence competent, or entitle them to be counted among the "two-thirds" remonstrators. The Constitution of Indiana guarantees to an owner of any property taken or injured by the acts of others the right to be heard in some kind of a proceeding to determine whether he is entitled to compensation and the amount of his damages. And the statute gives to "any person or corporation affected by such levee" the right to remonstrate for either or all of many reasons, including the fact that the expense will exceed the benefits, or that his lands will be damaged by the construction of the proposed work in excess of the damages awarded him. In order that they may present and litigate questions of that kind, the court may properly permit anybody claiming to be the owner of lands which will be affected to intervene and file a remonstrance for cause. *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706. But while the mere assertion, under oath, that he is the owner of lands which, by reason of certain facts, will be injured may give a person the right to intervene and file pleadings, it takes more than a mere claim of interest to qualify a person as one of the "two-thirds of the landowners affected, as shown by the preliminary report," who may defeat the construction of a levee by merely filing a remonstrance stating that they are opposed to it. And since the testimony of Curry did not tend to prove that he or any other signers of the remonstrance came within that description, and no other issue was on trial, the court did not err in striking out his evidence.

Other rulings complained of were not such as could prejudice any substantial rights of the appellants, and no person is permitted, on appeal, in such a proceeding

as this, "to take advantage of any error, defect 9. or informality which does not directly affect himself." §9579 Burns 1926, §7, ch. 223, Acts 1907 p. 404, 419. *In re Gilbert* (1924), 195 Ind. 278, 144 N. E. 551.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, J.—Appellants complain that questions presented by their fifth assignment of error to the effect that the trial court erred in overruling their 10. written exceptions to the preliminary report of the levee commissioners were not decided. These exceptions were all based on alleged matters of fact, to the effect that the report had reference to a levee not described in the petition, that a levee following the course therein described would not embrace certain lands south of State road No. 5 which would be enclosed by one built on the course described in the petition, that it failed to give a definite description of the course of the levee as reported, and that the lands across the river which would be affected by the construction of the proposed levee had received no consideration whatever. And they concluded with a prayer that the report be referred back to the commissioners and engineer with directions "to make their report as required by the petition for the levee and as required by the law and the order of the court." The record recites that these exceptions were filed on January 7, 1925, and that at the next term of court, on March 14, 1925, "the court, being fully advised touching the matters contained in said motion, overrules the same, to which ruling of the court each and all of the parties filing and presenting said motion except." The exceptions to the report and motion therein contained were not verified nor supported by affidavits, and no affidavits are shown to have

been filed in opposition thereto, nor does it appear by what means the court was "advised" as to the truth or falsity of the facts alleged in these exceptions. There is a bill of exceptions purporting to contain evidence that was heard on the fourteenth and seventeenth of March, but if any evidence was offered in support of facts alleged in these exceptions, appellants have not pointed it out, nor have they even provided us with an index to that part of the transcript containing the bill of exceptions by which we might find anything whatever in the bill of exceptions for ourselves. Rule 3 Supreme Court; Ewbank's Manual (2d ed.) §119a.

We must assume these exceptions to have been overruled because the court decided that the facts therein alleged were not true, and without the evidence upon which the court acted in making that finding, no question as to whether or not the ruling was correct is presented for decision.

The petition for a rehearing is overruled.