## MOREHOUSE v. PADGETT.

[No. 25,475.  Filed January 2, 1934.]

*Milton E. Graves* and *Hanley & Hanley,* for appellant.

*Hume L. Sammons* and *George F. Sammons,* for appellee.

HUGHES, J.—The appellee instituted this action against the appellant to contest the election of appellant to the office of trustee of Beaver Township, Newton County, Indiana. The lower court found in favor of the appellee, Elmer L. Padgett, and declared him elected as township trustee of said township in the election held in November, 1926.

The error relied upon for reversal is that the court erred in overruling the motion for a new trial. The reasons assigned for a new trial were that the decision of the court was not sustained by sufficient evidence and that the decision was contrary to law.

There are two precincts in Beaver Township, numbers one and two. The only question presented in this appeal is as to the number of votes cast for appellant and appellee, respectively, in precinct number one. There is no charge of a fraudulent count.

Section 7596, Burns 1926 (§7397, Baldwin's Ind. Ann. Stat. 1934), relative to voting by machines, provides:

"When the evidence is heard, said court shall decide the number of votes each of said candidates received by said machine or machines in said respective precinct or precincts, and said court shall, in case of fault of the machine to properly register from any cause or an incorrect or fraudulent count, correct the same and give to each of said candidates his correct vote in said precinct or precincts, and shall, in the case of township, city or county offices, correct the total vote of such candidates in said township, city or county in accordance with said finding and declare the one receiving the greatest number of votes elected to said office, and in circuit, district and state offices, such correction, if any, shall be certified by the clerk of said court to the secretary of state, who shall correct the total vote of such candidate in accordance therewith."

In compliance with the above section of the statutes the lower court made its findings and adjudged a correction of the returns.

The lower court found: That the list of candidates under the Republican ticket appeared at the top of said machine and that the list of candidates on the Democratic ticket appeared immediately below the list of candidates running on the Republican ticket.

That the contestee, Frank L. Morehouse, was the Republican candidate for township trustee of Beaver Township and that his name appeared under No. 31 on said machine as such candidate, and that Elmer L. Padgett, the contestor, was the Democratic candidate, whose name appeared on the list of said candidates for said office.

"The court found from the evidence that said machine was so constructed that the total for each of the candidates appearing on said tickets could be observed by reference to the total tabulations on the back of said machine and that the total vote of said Republican candidate for trustee would be indicated on the back of said machine under the designation of No. 31B if the list of candidates appearing on each of said tickets had been properly inserted into said machine.

"The court found that said machine was not properly set in that the list of candidates appearing on each of said tickets had been, by mistake of the county mechanician and the County Board of Election Commissioners, inserted into said machine approximately three-quarters of an inch too far to the left.

"The court further found that inasmuch as said list of candidates was inserted in said machine approximately three-quarters of an inch too far to the left that the total vote of each of said candidates would be properly registered on the back of said machine under the designation of 30A or 30B, respectively.

"The court further found from the evidence that at the close of the polls on the date of said election that the Election Board in precinct No. 1, in taking off the total vote of each candidate, through mistake on account of the manner in which said machine had been set, referred to the total vote for each candidate under the list of No. 31A and 31B and that they accredited to the contestee in said precinct a total of 235 votes and to the contestor a total of 131 votes, and that in precinct No. 2 the Election Board properly gave to the contestee 161 votes and the contestor 219 votes, making a total of 396 votes for the contestee and a total of 350 votes for the contestor.

"The court found that the total votes so accredited to each of said candidates is not the correct total of votes that each of said candidates received at said election; that in precinct No. 1 the contestee received a total of 183 votes and in precinct No. 2 he received a total of 161 votes, making a total of 344 votes; that the contestor received a total of 182 votes in precinct No. 1, and a total of 219 votes in precinct No. 2 or a total of 410 votes; that the contestor received a majority of all the votes cast at said election for the office of township trustee and was duly elected to said office."

The appellee introduced evidence which he claims positively showed that the vote, as certified by the election board and tabulated by the board of canvassers, was incorrect. The appellant introduced in evidence the record of the vote as shown by the returns made by the election board and the board of canvassers. This made a prima facie case in favor of the appellant, but when evidence was introduced showing that the actual vote for the candidates, and that the appellee received more votes than the appellant then the prima facie case made by the returns

of the election board and the board of canvassers was overcome.

It was admitted that machine No. 6404 was the one that was used in the first precinct of Beaver Township and the evidence of the appellee was that in precinct number one counter 30 would show the vote cast for township trustee and that the Republican ballot would be represented by A-30 and the Democrat ballot would be represented by B-30. That counter 30 showed the following result. The Republican ballot A-30 for appellant 183 votes, and the Democrat ballot B-30 for the appellee 182.

It was agreed that machine 6372 was used in the precinct number 2. And it was shown from the evidence of appellee that counter number 31 would show the vote for township trustee in said precinct; and that counter A-31 shows the vote of the Republican candidate and that the vote was 161; and B-31, the Democrat candidate, shows 219.

It is the contention of appellant that the votes cast for trustee in precinct number one was on the axis above number 31, which was regularly alloted to that office and that the axis above the name of appellant, being number 31, regularly recorded votes cast for the office on the back of the machine and the certified result of the board of canvassers was correct and the appellant elected to the office.

Several witnesses testified that when they voted they were guided by the axis, but on the other hand the evidence of the appellee was that in voting for trustee counter 30 would register the vote. The voting machine in precinct No. 1 was not properly adjusted and this brought about the confusion.

There can be no question but that there is some evidence to sustain the finding and judgment of the court

and where this is true the same will not be disturbed on appeal. *Robbins* v. *Spencer* (1894), 140 Ind. 483, 38 N. E. 522; *City of Indianapolis* v. *Stokes* (1914), 182 Ind. 31, 105 N. E. 477.

And "if there is evidence either circumstantial or positive from which a fact might be inferred and such fact is found by the trial court, this court can not disturb such finding, though the preponderance of the evidence seems to be against it." *Robbins* v. *Spencer, supra.* In the case of *Ft. Wayne R. R. Co.* v. *Grove* (1874), 47 Ind. 144, it is said: "It is the uniform practice of this court not to disturb the finding of the jury or the court on questions of fact, where the finding is not clearly wrong upon the evidence." Citing many cases.

It can not successfully be contended that there was not some evidence to sustain the finding and judgment of the lower court in the instant case and the finding is not clearly wrong upon the evidence. There was both circumstantial and positive evidence that the vote certified by the election board and the board of canvassers was incorrect. The lower court so found, corrected the same and gave each candidate the vote he was entitled to receive. This finding under the well settled practice will not be disturbed by this court.

Judgment affirmed.