McKee et al. *v.* Hasler et al.

[No. 28,689.  Filed May 9, 1951.  Rehearing denied June 5, 1951.]

440

*Fred Dobbyn,* of Washington, and *Gray & Waddle,* of Petersburg, for appellants.

*Hastings, Allen & Hastings,* of Washington, for appellees.

BOBBITT, C. J.—This action arises under ch. 223 of the Acts of 1907, as amended by ch. 249 of the Acts of 1947, and particularly the sections thereof which are §§ 27-802 to 27-807, inclusive, Burns' 1948 Replacement.

Appellees, Lee B. Hasler and seventy-four other landowners whose lands are subject to overflow from the west fork of White River, filed their petition under the provisions of said sections on March 3, 1949 for the construction of a levee on the east bank of said river. The petition described and gave the names of owners of more than 6,703 acres of land lying east of the west fork of said White River and located in Daviess, Knox and Greene Counties. Applicable provisions of the federal law for the purpose of obtaining federal aid with which to pay the actual costs of the construction of the levee were accepted by the petitioners. No objections or exceptions were filed to the petition. Due notice of the filing of the petition and the date of the hearing thereon was given, and at the end of twenty days after the date set for hearing the court appointed

Commissioners in the manner provided by statute. The Commissioners qualified and filed their preliminary report on May 25, 1949, which report was subsequently amended by the Commissioners.

On June 13, 1949 appellants, Raymond S. McKee and one hundred and thirty-four other persons who were not named in the Commissioners' preliminary report filed seventy-five intervening petitions. Seventy-four of said intervening petitions contain identical allegations in substance as follows: (1) that the preliminary report filed by the Commissioners and Engineer does not set forth a description of the real estate owned by the intervening petitioners and described in Exhibit "A" of their petitions as being real estate affected by the said proceedings; (2) that the real estate described in each of said intervening petitions will be affected and greatly damaged by the construction of the proposed levee; and (3) that the said intervening petitioners are interested in the subject matter of the proceedings and may be adversely affected by any judgment rendered, and that they are necessary parties to the proceedings.

The court approved all of said intervening petitions and made the signers thereof parties to the proceedings. Appellant and others who claimed that their land would be damaged by the construction of the proposed levee then filed a pleading entitled: "Objections and Exceptions and Petition to Require Preliminary Report to be Amended and Corrected," and alleged therein, among other things, that certain lands not named in the preliminary report would be damaged by the construction of the proposed levee; that the preliminary report was defective and insufficient in that it did not contain all of the names of persons who owned real estate which would be affected by the construction of the proposed levee; and asked the court to direct the

Commissioners and Engineer to amend and correct the preliminary report by including therein a description of the real estate described in Exhibit "A" attached to said objections and exceptions, together with the names and residences of the owners of said real estate.

Appellant and two hundred and one other persons, ninety-one of whom were named in the Commissioners' preliminary report, also filed remonstrances to the proposed construction and alleged therein that the proposed levee was not practicable and would not be sufficient properly to protect the lands affected thereby, that it would not improve the public health or be of public utility, and would not benefit any public highway or grounds in either of the three counties through which the proposed levee would run.

After hearing by the court at which both sides presented evidence, the court entered an order overruling the pleading entitled: "Amended Objections and Exceptions and Petition to Require Preliminary Report to be Amended and Corrected," and overruled the remonstrance of appellant and others, to which rulings appellant and other intervening petitioners and remonstrators excepted. The court then referred the petition back to the Commissioners and directed them to proceed with their work and make their final report as provided by law, and fixed a date on or before which said final report should be filed. From these orders appellants, Raymond S. McKee and other objectors, exceptors and remonstrators appealed to this court under the special statutory right of appeal granted in § 2 of the Levee Act.

Appellants set out twenty-two separate Assignment of Errors, numbers one, two, twenty-one and twenty-two of which are waived and they will not be considered. The remaining errors assigned, in effect, are: (1) the court erred in overruling the pleading entitled:

"Amended Objections and Exceptions and Petition to Require Preliminary Report to be Amended and Corrected"; (2) the court erred in overruling the remonstrance of appellants and other remonstrators; and (3) the court erred in excluding certain evidence offered by appellants and others.

(Assigned Errors Nos. 8 to 19, inclusive).

Appellants contend that the phrase "lands affected thereby" as used in § 27-802, Burns' 1948 Replacement, and more particularly as used in the second specification for the Commissioners' preliminary report and which specification is as follows:

"Second. A description of all lands which will be affected by the proposed levee, with the names and residences of the owners, if known, and if not, so stating;"

means any lands either on the protected or the unprotected side of the proposed levee which may be damaged by reason of the standing and overflow of river waters thereon, including any lands which may in any way be damaged as the approximate result of the construction of the proposed levee, as well as any lands which may be benefited thereby, and that such persons as may be so damaged should be included in the second specification of the Commissioners' preliminary report in order that they may participate and be counted among the two-thirds of the landowners named in the report who may stop the proceedings by remonstrance.

Appellees' position on this question is that the lands which will be affected means protected lands or lands inside the levee. Appellees further contend that the preliminary report of the Commissioners is conclusive as to the question of affected lands and is not subject to review in the absence of fraud.

This is a special statutory proceeding and the purpose of the Act here under consideration is ". . . to provide for the protection and reclamation of lands subject to overflow by the construction and maintenance of levees."[1]

Section 7 of ch. 223 of the Acts of 1907, being § 27-807, Burns' 1948 Replacement, provides: "This Act shall be liberally construed to promote the protection of lands subject to overflow, . . ."

The purpose and intent of the Legislature in enacting this legislation was to provide for the building of levees to protect certain lands, improve the public health, and be of public utility generally, and the statute must be construed to this purpose. *J. Wooley Coal Co.* v. *Tevault* (1918), 187 Ind. 171, 118 N. E. 921. Also, the purpose to be accomplished is in the interest of the public and this factor must be considered in determining the scope of the Act and limitations which may be placed thereon. 50 Am. Jur., Statutes, § 395, p. 420.

There are three stages in the proceedings to establish a levee under this Act, viz: (1) the filing of the petition; (2) the filing of the preliminary report; and (3) the filing of the final report. A hearing at each of these stages of the proceedings is provided by the Act.

(1) Section 27-802, Burns' 1948 Replacement provides for the hearing of ". . . any demurrer or written objection to the sufficiency of the petition offered by any person named in the petition, or by any other person who shall satisfy the court, by allegation and proof, as in civil actions, that he has an interest that will be affected by such levee."

---

[1] Title of Act, Acts of 1907, ch. 223.

(2) Said section further provides for a hearing upon the Commissioners' preliminary report as follows:

"Any petitioner, landowner or corporation named in the petition, or who has appeared thereto, shall have twenty (20) days from the filing of such preliminary report within which to file any exceptions thereto; and any landowner not named in the petition and whose lands are not described therein, but who is named in such preliminary report and his lands therein described, and any corporation so brought in, shall have twenty (20) days from the date of the service or posting of notice of such preliminary report within which to file such exceptions."

(3) Section 27-803, Burns' 1948 Replacement provides for a hearing upon the filing of the final report of the Commissioners as follows:

"Upon the filing of such report, ten (10) days, exclusive of the day of filing and of Sundays, shall be allowed to any person or corporation affected by such levee or whose lands are assessed or damaged to remonstrate against the report, which remonstrance shall be sworn to, and may be for any of the following causes:

. . . . . .

"Fourth. By any person or corporation against whom, or against whose lands, benefits are assessed, that the damages assessed to any other person or corporation, or to the lands of any other person or corporation, specifying the same, are too great.

. . . . . .

"Eighth. By any person or corporation, in whose favor, or in favor of whose lands, damages are assessed, that the damages assessed are inadequate; or by any person or corporation injured by such work, or whose lands or other property will be injured thereby, that no damages have been assessed therefor.

"Ninth. By any person or corporation against whom, or against whose lands, benefits are assessed, that such person or corporation, or the lands of such person or corporation, will be damaged by the construction of the proposed work."

.  .  .  .  .  .

In determining the meaning of a statute it must be considered as an entirety and each part considered with reference to all other parts. *Walgreen Co.* v. *Gross Income Tax Division* (1947), 225 Ind. 418, 75 N. E. 2d 784, 1 A. L. R. 2d 1014.

Five questions are here presented, all of which we deem it necessary to consider.

*First:* The question of the meaning of "lands affected" within the meaning of the statute here under consideration becomes of first importance because appellants here are attempting, by their objections and exceptions and petition to amend the preliminary report, to require the Commissioners to include them in the preliminary report as owners of lands which will be affected by the establishment of the proposed levee in order that they may remonstrate and be counted in the two-thirds of the landowners affected as shown by the second item of said report who may remonstrate. If appellants can establish that they are the owners of such lands within the meaning of such phrase as used in § 2 of the Act, then they should be included in the preliminary report and would be entitled to participate in the second hearing provided by the Act and be counted as a part of the two-thirds required for a remonstrance to stop the proceedings. If, however, appellees are correct in their contention that the conclusion of the Commissioners on this question is final and not subject to review, then the question as to the meaning of "lands affected" need not be determined.

We shall then consider first the question as to whether or not the preliminary report of the Commissioners is conclusive as to the question of lands affected.

Appellees, in support of their contention as to the conclusiveness of the Commissioners' report, rely upon the case of *Anderson* v. *Baker* (1884), 98 Ind. 587. A careful consideration of this case reveals that it is distinguished from the case at bar in that the statute under consideration in the Anderson case (Acts of 1883, § 3, p. 176) specifically sets out the causes for which a remonstrance may be filed and the question of whether or not ". . . the proposed drain is located upon the best, cheapest and most available route, and whether or not it is practicable to construct it without affecting the lands of others than the petitioners, . . ." —the proposition upon which the remonstrators there relied—is not one of the specified causes for remonstrance which are set out in the Act.

It will be noted that § 27-802, Burns' 1948 Replacement, *supra*, sets out no specific grounds for exceptions to the preliminary report and, in the absence of such specification, it must be assumed that the Legislature intended to permit exceptions to be filed to any part of the preliminary report or upon any ground or causes which might arise out of such report. It is fair to assume that if the Legislature had intended the preliminary report to be conclusive as to the lands affected, it would not have made provision for exceptions to be filed thereto without excluding this question from the grounds for exceptions. The preliminary report of the Commissioners is not conclusive of any of the facts therein stated but, as the statute provides, is only prima facie evidence thereof. Section 27-802, Burns' 1948 Replacement.

In the case of *Zumbro et al.* v. *Parnin et al.* (1895), 141 Ind. 430, 40 N. E. 1085, this court in construing a similar provision of a Drainage Act, at p. 433, said:

"There is no reason for excluding any person whose lands are affected by the proposed drainage, and there is strong reason for including all who are affected. It could not have been intended that the judgment of the original petitioners, as to the lands affected, should be conclusive since that theory would have denied a hearing to one affected and would have afforded opportunities for imposition by the petitioners."

In the Act here under consideration the Legislature intended to afford, to any landowner who has appeared to the petition, an opportunity to file exceptions to the preliminary report of the Commissioners.

When the preliminary report was filed it did no more than make a prima facie case that the lands listed therein were all the lands which would be affected by the construction of the proposed levee and threw upon any person filing exceptions, as provided by statute, the burden of proving the allegations contained in their exceptions. *Gifford* v. *Baker* (1902), 158 Ind. 339, 62 N. E. 690. When exceptions to the preliminary report were filed the prima facie evidence furnished by such report was challenged and an issue was tendered to be tried by the court. *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 53 N. E. 285; *Glassburn et al.* v. *Deer et al.* (1895), 143 Ind. 174, 41 N. E. 376; *Schmied* v. *Keeney et al.* (1880), 72 Ind. 309.

What did the Legislature intend to include as lands which will be affected by the proposed levee? The word *affected* or *affecting* is used promiscuously in the first three sections of the Act, as amended. Section 27-801, Burns' 1948 Replacement, provides "Whenever the

lands of at least five (5) persons would be benefited and protected from overflow by the construction of a levee, and the construction of such levee can not be accomplished in the best or cheapest manner *without affecting the lands of others, . . . .*" Further, it is said: *"all others which it is believed would be affected by the proposed levee"* and at the close of the section we find this language: "if the lands sought to be *protected* or *which will be affected* by such proposed levee *. . . .*" In § 27-802 it is provided that the Commissioners shall make personal inspection of the land described in the petition and of all other lands *likely to be affected.* This section further provides that the preliminary report shall contain a description of all lands which will *be affected* by the proposed levee, and whether such levee will be sufficient properly to *protect the lands to be affected.* Section 27-803, which covers the final report of the Commissioners, provides that they shall assess benefits or damages, as the case may be, to each separate *tract of land to be affected.* This section further provides the right of remonstrance to any person or corporation *affected by such levees or whose lands are assessed or damaged.* It also provides that the clerk shall give notice of the filing of the final report to all persons, corporations or others concerned, who may be injured or damaged by the construction or maintenance of the proposed levee, or whose lands or other property may be *affected* by the construction or maintenance of the levee and injured or damaged thereby; and further:

"For the purpose of so ruling upon such causes of remonstrance and so modifying the assessments, all persons or corporations who are reported *as affected*, or whose lands are reported *as affected*, or who are named in the petition *as affected*, or who have appeared to the petition, shall be deemed to be in court for all purposes, by reason of such

appearance or by virtue of the notice theretofore given them." (Our italics.)

It is apparent from a consideration of the use of the word affected in the three sections of the statute above quoted that the Legislature did not intend to limit the meaning of the word *affect* as used in § 27-802, second item of the preliminary report, to those lands which will be benefited by the construction of the proposed levee. It is also apparent that it did not intend in the Commissioners' preliminary report to include as affected lands all those which might be damaged by the construction or maintenance of a levee, because no provision is made for damages to be determined until after the filing of the final report, the third stage in the proceedings.

A careful consideration of the Act in its entirety forces us to the conclusion that we cannot accept either the contention of the appellants or that of the appellees as to the meaning of the words *affected thereby*.

If we were to construe the meaning of lands *affected thereby* as all those which might incidentally be acted upon and the owners thereof incur some occasional or incidental damages or injury because of the construction and maintenance of a levee, it would be possible in most every levee proceeding for those having only a remote interest in the levee to prevent its construction by being included in the Commissioners' preliminary report, in order to constitute more than two-thirds of those whose lands are named in the report as affected lands, and by remonstrance stop the proceedings at the second stage thereof and thus defeat the very purpose of the Act. Also, if we were to determine that the Commissioners' preliminary report was conclusive as to the land to be affected, we would open the door for a possible arbitrary listing in the pre-

liminary report of only those persons who were favorable to the construction of the levee and thus defeat the rights of any whose lands might be affected within the meaning as contemplated in item two of the preliminary report, and who desired to remonstrate to the preliminary report for this reason.

The word affected as used in this Act cannot be construed in its ordinary and usual meaning. It is clear from a careful consideration of the statute in its entirety that the Legislature has used the word *affect* in different degrees. There is a clear distinction between (1) those landowners who are affected to a degree which makes them proper parties to intervene and become parties to the petition; to file exceptions to the preliminary report of the Commissioners; and to file a remonstrance to the final report on the question of benefits and damages, the legality of the report or the location of, and work on, the levee and (2) those whose lands are affected to a degree which will entitle them to come in at the hearing on the preliminary report and stop the proceeding at this stage by remonstrance.

The showing of the smallest interest may bring landowners within the first class, but it requires a direct substantial interest which is readily apparent to bring anyone within the second class.

It was not the intention of the Legislature that those persons whose lands were not directly, continuously, permanently and materially benefited or damaged be included in the preliminary report. While such persons may, by remonstrance to the final report, have their damages, if any, assessed, it takes more than the mere allegation or showing of a doubtful, occasional or incidental injury to lands or other property to entitle persons to be included in the preliminary report of the Commissioners for the pur-

pose of filing a remonstrance to defeat the construction of a levee. *Hays* v. *Bennington* (1926), 198 Ind. 305, 151 N. E. 692, 153 N. E. 475.

If the Levee Act favors landowners who are benefited and those who may be directly and permanently damaged over those who may be remotely concerned or incidentally or occasionally injured as by back waters, the reason is in the promotion of a public improvement. The construction of public work and improvements must as of necessity cause inconvenience and injury to some persons. *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 105 N. E. 496; *Ross et al.* v. *Davis et al.* (1884), 97 Ind. 79; *Vidalat* v. *City of New Orleans* (1891), 43 La. Ann. 1121, 10 So. 175.

The question of determining what lands shall be included in the Commissioners' preliminary report as *affected lands* is here presented for the first time. Because of the similarity of the Drainage and Highway Acts with the Levee Act here under consideration, the construction given to the phrase "affected by" as used in these Acts may well be considered in determining the question here before this court.

In *Meurer* v. *Hooper* (1925), (Tex. Civ. App.), 271 S. W. 172, 177, the Court of Civil Appeals of the State of Texas, in construing a provision of the constitution of Texas which provides "upon a vote of a two-thirds majority of the resident property taxpayers voting thereon who are qualified electors of such district or territory to be *affected thereby,* in addition to all other debts may issue bonds," in connection with a statute authorizing the establishment of a special improved road district said: "It is insisted that the words used in the quotation 'to be affected thereby' should be construed as limiting the property to be included in such district to property which will be benefited by the bond

issue. We cannot agree with that contention. On the contrary, we are of the opinion that the words 'affected thereby' had reference to the taxes which will be assessed against the property, and not to benefits which will accrue to the property by reason of the proposed improvements." (Our italics).

In *Swigart* v. *Commissioners of Highways of Town of Mahomet et al.* (1917), 277 Ill. 281, 284, 115 N. E. 378, 379, the Supreme Court of Illinois in construing a section of the Illinois statute S. H. A. ch. 22, § 3, which provides: "Suits in chancery shall be commenced in the county where the defendants, or some one or more of them resides; . . . or if the suit may *affect real estate,* in the county where the same or some part thereof is situated," said: "It cannot be said that this suit may not affect real estate within the meaning of said section. It was held in *Munger* v. *Crowe* (1905), 219 Ill. 12, 76 N. E. 50, that "the meaning of the word 'affect,' as used in the statute, is to act upon," and that "if the court, to grant the relief sought, must *deal directly* with the real estate itself, the suit is one 'which may affect real estate.' " (Our italics).

In *Northern Pac. Ry. Co.* v. *Douglas County* (1911), 145 Wis. 288, 293, 130 N. W. 246, 248, the Supreme Court of Wisconsin in construing the following language, "any parcel of land . . . affected by said improvement," Laws Wis. 1891, ch. 124, § 126, as used in a street improvement statute said:

"Note the language 'any parcel of land . . . affected by said improvement.' That does not mean any parcel of land upon which the board of public works may, whether acting within or without jurisdiction, choose to impose a burden; but any parcel in fact 'affected by said improvement,' in that, barring errors, it might be charged, not parcels which could not, under any circumstances, be burdened on account of the improvement. Oth-

erwise the board in imposing such charges could include parcels of real estate on other streets or in a distant part of the city, or even outside the city, and the owners would have to resort for redress to the special remedy. Such a construction of the statute would be outside its letter and spirit and lead to absurd results."

In *Little Rock* v. *Katzenstein* (1889), 52 Ark. 107, 112, 12 S. W. 198, 200, the Supreme Court of Arkansas, in construing the words "adjoining the locality to be affected" as they appear in § 27 of Art. 19 of the Constitution of Arkansas said:

"We conclude, therefore, in answer to the two queries originally propounded:

"First—That property adjoining the locality to be affected is any property adjoining or near the improvement which is physically affected, or the value of which is commercially affected, *directly* by the improvement, to a degree in excess of the effect upon the property in the city generally." (Our italics.)

In *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161, this court in considering whose lands would be affected by the construction of a drain, at page 521 said:

"Those whose lands are assessed or who are damaged are none the less 'affected,' though not named, when they are bound as privies, by virtue of notice to others."

In *Reasoner et al.* v. *Creek et al.* (1885), 101 Ind. 482, this court, in considering the language of a drainage statute which is: "Upon the making of such (Commissioners') report to the court, ten days shall be allowed to any owner of *lands affected by the work proposed* to remonstrate against the report," at p. 485 said: "A person whose land is injured to the extent of seven hundred dollars, or to any *material*

extent, comes within the description 'any owner of lands affected by the work proposed.' " (Our italics.)

It will be noted that in all the above cases the courts have held the word "affected" or "lands to be affected" as meaning those which are directly or materially injured or benefited, or where the lands have been subject to assessment for benefits on account of the proposed construction. In no case have the courts considered lands or other property or rights as affected which are only remotely, occasionally, or incidentally benefited or damaged by the proposed improvement or other action. Neither have the courts limited the definition of "affected by" to those lands or other property which may be benefited by the proposed improvement.

Upon a careful consideration of the Levee Act in its entirety and giving full consideration to the purpose of the Act, together with consideration of the authorities above quoted, it is our conclusion that "lands which will be affected" by the construction of the proposed levee within the meaning of the second item of the preliminary report as set out in § 2 of the Act (§ 27-802, Burns' 1948 Replacement) are those lands which will be subject to assessment for benefits derived from the construction of the levee and such other lands as may suffer actual permanent damages which are, upon examination of the premises, readily apparent to the Commissioners or any other disinterested, qualified person.

*Second:* Did the court err in overruling appellants' pleading entitled: "Amended Objections and Exceptions and Petition to Require Preliminary Report to be Amended and Corrected"? This pleading, regardless of its title is, and must be, in the nature of exceptions to the Commissioners' preliminary report because that is the only action, except remonstrance by

two-thirds of the landowners named in the preliminary report, provided at this stage of the proceedings for those who desire to object to the further prosecution thereof.

The statute makes provision for protection of the rights of all parties who may be interested in the proceedings and sets out specifically what questions may be raised at each of the three stages therein.

As heretofore mentioned, § 27-802, Burns' 1948 Replacement, provides for the publication and posting of notice of the filing, pendency and time of hearing of the petition. At such hearing any person named in the petition or any other person who, by allegation and proof, can satisfy the court that he will be affected by the construction of the proposed levee, may object to the sufficiency of the petition and the hearing at the first stage of the proceedings is limited to this question. If the court, at this hearing, finds the petition sufficient, such finding is conclusive and this question may not again be raised at either of the succeeding stages in the proceedings.

After the petition is approved it is then referred to the Commissioners and a time fixed for filing of their preliminary report. The filing of this report initiates the second stage in the proceedings.

As a further protection to the rights of persons who may be the owners of property which may be affected by the levee, the statute provides that a notice of twenty days of the filing of the preliminary report must be given prior to the date of hearing thereon. At the hearing on the preliminary report, not only those named in the preliminary report, but any petitioner or landowner who is named in the petition or who has appeared thereto, may file exceptions to the preliminary report and the landowners named in the second item of such report may file a remonstrance, and if two-

thirds of those so named remonstrate the petition shall be dismissed. The questions of public utility, the sufficiency of the levee to protect the lands which it is designed to protect, and its practicability are questions to be determined at the second stage of the proceedings. The court shall also, at such hearing, determine whether the proposed levee will improve the public health or benefit any public highways or ground in the county. The determination of these questions naturally precedes the question of damages, the assessment of which is provided for at the third stage of the proceedings. If the Commissioners in their preliminary report should show that the proposed levee would not be of public utility, that it would not be adequate to protect the lands it is designed to protect, and the court should sustain such showing, then there would be no occasion for the assessment of damages to any persons whose lands might be injured by the construction of the levee. The question of assessment of damages is not to be considered at the hearing on the Commissioners' preliminary report.

Section 27-803, Burns' 1948 Replacement, prescribes the procedure for the third stage in the proceedings— the hearing upon the Commissioners' final report. An opportunity is here provided, and not before, for those landowners whose property may be injured or damaged by the construction or maintenance of the proposed levee, to be compensated therefor, and their remedy is by remonstrance to the Commissioners' final report in the manner provided by said section.

Appellants who have filed exceptions to the preliminary report fall within two classes: (1) those whose lands are listed in item two of the report, and (2) those who have appeared to the petition. By the filing of exceptions they have exercised

their statutory right to question the judgment of the Commissioners as to any matters in the report including the listing of those lands which will be affected by the construction of the proposed levee. The filing of exceptions challenges the sufficiency of the preliminary report and presents an issue to be determined by the court upon proper hearing, and if the court finds from the evidence submitted at such hearing that such report is defective in any material manner, it is its duty to order the same amended, and if the court finds that the preliminary report is sufficient and should be sustained as made, then it should be approved.

Appellants rely upon the following cases to support their position that the court erred in overruling their exceptions to the preliminary report.

(1) *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706. This case is clearly distinguished from the case at bar and does not support appellants' position. In that case appellant attempted to file a petition for leave to intervene and file a remonstrance in the hearing upon a preliminary report of the Drainage Commissioners which set out a description of the lands to be benefited or damaged by the construction of the proposed improvement. This petition was overruled and the only question decided by the court was whether or not appellant was entitled to a hearing. This court held that under the allegations of the petition appellant in that case was entitled to a hearing. Under the statute there in question, the Commissioners were required to set out, in the preliminary report, the lands to be benefited or damaged by the construction of the levee. The statute under consideration, in the case at bar, does not so require. Appellants in the case at bar were given a hearing on their exceptions to the preliminary report, and were made parties to the proceedings by the order of the court

approving their petitions to intervene in the first stage of the proceedings. As heretofore pointed out in this opinion, a hearing upon the question of benefits and damages is provided them at the third stage of the proceedings.

(2) *Rayl* v. *Kirby* (1913), 180 Ind. 553, 102 N. E. 136, 103 N. E. 440. This case does not sustain appellants' position for the reason that a different question was there presented than is here under consideration. The statute in that case provided that a remonstrance might be filed by two-thirds of the landowners named in the petition or *who may be affected by any assessment or damages* while the statute here under consideration does not so provide.

(3) *Reasoner et al.* v. *Creek et al.* (1885), 101 Ind. 482, *supra,* and from which appellants quote extensively in their brief. This was a case arising under the Drainage Act in which appellants filed separate remonstrances to the report of the Drainage Commissioners alleging that they were the owners of lands which were not assessed for benefits or damages and that their lands would be damaged in excess of seven hundred dollars; that the damages would exceed the benefits and that the proposed ditch would neither improve the public health or benefit any public highway or be a public utility. The remonstrance was rejected by the trial court. The question before the court there was whether or not appellants were entitled to be heard as remonstrators on the question of damages. No attempt has been made in the case at bar to prevent appellants from filing a remonstrance on the question of damages, or from obtaining just compensation for any injury which they may incur by reason of the construction of the proposed levee. A day in court and the right to be heard on these matters is provided the

appellants under § 27-803, *supra*. This was not the situation in the Reasoner case.

(4) *Armstrong* v. *Oster* (1919), 189 Ind. 1, 123 N. E. 109, is also relied upon by appellants to sustain their position that they have a right to be counted for or against the construction of the proposed levee. This case also is distinguished from the case at bar and does not support appellants' position because the statute therein construed provided for a remonstrance by two-thirds of the land owners named in the petition or *who may be affected by any assessment or damages*. This provision sets up an entirely different class of remonstrators from that in the statute under consideration in the case at bar, wherein the right of remonstrance is limited to two-thirds of the landowners affected *as shown by the preliminary report*.

The issues raised by appellants' exceptions to the preliminary report were issues of fact. The burden was upon appellants to show that they were the owners of lands which would be affected by the proposed levee to an extent that would entitle them to be included in the Commissioners' preliminary report for the purpose of being counted among the two-thirds necessary to stop the proceedings. It was the duty of the court, from competent evidence introduced at the hearing, to determine the question of fact raised by appellants' exceptions.

A careful examination of the record in this case discloses that the evidence is sufficient to sustain the finding of the trial court and it will not be disturbed on appeal. *Grow* v. *Davisson* (1918), 187 Ind. 304, 119 N. E. 145; *Papenbrook* v. *White* (1923), 194 Ind. 17, 141 N. E. 804; *Morehouse* v. *Padgett* (1934), 206 Ind. 29, 188 N. E. 315; *Bechtold et al.* v. *Wagner et al.* (1935), 208 Ind. 1, 192 N. E. 889.

*Third:* Appellants further contend that the trial

court, by its refusal to amend the Commissioners' preliminary report as requested in their exceptions thereto, has deprived them of property rights without due process of law. The right to remonstrate in a levee proceeding is a statutory right and not a property right. Among the elements which make up due process are reasonable notice, an opportunity for a fair hearing and the right to have a court of competent jurisdiction determine if the finding of the trial court is supported by evidence. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Town of Walkerton* v. *N. Y. C. & St. L. R. R. Co.* (1939), 215 Ind. 206, 18 N. E. 2d 799; *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965; *Campbell* v. *State* (1909), 171 Ind. 702, 87 N. E. 212; 16 C. J. S., Constitutional Law, § 569(c), p. 1152.

In *So. Ind. Gas & Elec. Co.* v. *City of Boonville* (1939), 215 Ind. 552, 20 N. E. 2d 648, this court, in considering whether or not due process had been given in a condemnation proceedings by the city of Boonville to acquire the property of a public utility, at p. 558 said:

"When a statute, such as we have, makes provision for a determination of value by three disinterested freeholders of the county, followed by a trial of the issue by a court of general jurisdiction, at the election of the party aggrieved, with the right of ultimate appeal to the highest court of the state, the requirements for due process of law are discharged."

In the case at bar a determination of the question as to whether or not appellants were the owners of land who would be affected by the construction of the proposed levee within the meaning of the statute was determined by the Commissioners in their preliminary report. This was followed by a trial of the issues in a

court of competent jurisdiction, from which decision appellants have exercised their statutory right of appeal to this court. It is clear from the foregoing that appellants have not been denied due process of law.

*Fourth:* Did the court err in overruling remonstrances filed by appellants and others? Section 27-802, *supra,* provides ". . . if two-thirds of the landowners affected, as shown by the second item of such preliminary report, shall, within twenty (20) days after the filing of such preliminary report, remonstrate in writing against the construction of the proposed improvement, the petition shall be dismissed, . . . ." The record shows ninety-one persons named in the preliminary report as having filed remonstrances thereto and one hundred and seven who did not file remonstrances. The burden of showing that the remonstrance herein was signed by the required number of persons belonging to the class designated by the statute as those who may file a remonstrance to the preliminary report was upon the remonstrators. *Armstrong* v. *Oster* (1919), 189 Ind. 1, 123 N. E. 109, *supra; Rankin* v. *McCollister* (1911), 175 Ind. 387, 93 N. E. 209.

The statute expressly designates the class of landowners who may be counted among the two-thirds necessary to prevail in a remonstrance against the Commissioners' preliminary report. Appellants have failed to show that two-thirds of those coming within the class designated by statute have signed the remonstrance and it was not error to overrule the same. *Papenbrook* v. *White* (1923), 194 Ind. 17, 141 N. E. 804, *supra; Bell et al.* v. *Cox et al.* (1890), 122 Ind. 153, 23 N. E. 705.

*Fifth:* Appellants contend, by their assignments of error numbered eight to nineteen, inclusive, that the court erred in refusing to permit certain witnesses

called by remonstrators, exceptors, objectors and intervenors to answer the following questions:

Assigned Error No. 8.

If the proposed levee is constructed, what would be the effect on your ground of the restrictions caused by the levee?

Assigned Error No. 9.

You may state to the court whether or not all of these land owners in this area of 800 acres will be affected by the construction of this proposed levee.

Assigned Error No. 10.

Are there numerous other landowners in the vicinity of this real estate upon the river and in that lowland to the northwest about which one of the engineers testified yesterday which will be affected by the construction of this proposed levee?

Assigned Error No. 11.

Mr. Wampler, state whether or not in your opinion the construction of this proposed levee will affect your real estate that you have referred to here in your testimony.

Assigned Error No. 12.

Now, Mr. Wampler, in what way and manner would your real estate be affected by the construction of the proposed levee?

Assigned Error No. 13.

Mr. Wampler, I'll ask you to state to the court whether or not in your opinion the land owned by these landowners whom you have named in answer to the preceding question will be affected by the proposed construction of this levee?

Assigned Error No. 14.

Describe to the court in what way and manner the real estate of these parties whom you have named as owners of other real estate in the area described in the preceding questions would be affected?

Assigned Error No. 15.

"I'll ask you, Mr. Benham, to state whether or not in your opinion the construction of this proposed levee will affect your real estate?

Assigned Error No. 16.

Mr. Benham, I'll ask you to describe to the court the way and manner the construction of this proposed levee will affect your real estate.

Assigned Error No. 17.

And I'll ask you to state whether or not in your opinion each one of these landowners which you have named will be affected by the construction of this proposed levee?

Assigned Error No. 18.

Mr. Meyer, I'll ask you to state to the court whether or not in your opinion your real estate will be affected by the construction of the proposed levee.

Assigned Error No. 19.

Mr. Meyer, state to the court in what way and manner your real estate would be affected by the construction of the proposed levee?

The purpose of the evidence which appellants offered by the question set out in Assigned Error No. 8 was to establish the alleged fact that the witness ▮ was the owner of lands which would be affected by the construction of the proposed levee within the meaning of the second item of the Commissioners' preliminary report. Exceptors, in their offer to prove, stated that if the witness were permitted to answer the question he would say that the depth of water over his land would be increased and a portion of his land which is not now covered by flood waters would overflow and cause his land to scour and erode—in effect that his lands would, on occasion, be damaged by flood waters as a result of the construction and maintenance of the

proposed levee. The question here propounded calls for an opinion of the witness based upon facts about which he had already testified—and a conclusion which was in the province of the court to draw. The question of whether or not such lands were affected so as to bring them within the Commissioners' preliminary report was a fact for the court to determine. The only result which could logically follow from the offer to prove is that some part of witness' lands might be injured or damaged by an occasional overflow because of the construction of the proposed levee.

It was proper to exclude this testimony for two reasons:

(1) It is not error to exclude testimony which is in the nature of a conclusion or where the facts which are attempted to be proved are of such a nature that their determination is within the province of the court. *Hamrick* v. *The State, ex rel. Hamrick* (1893), 134 Ind. 324, 34 N. E. 3; *Inland Steel Co.* v. *Ilko* (1914), 181 Ind. 72, 103 N. E. 7; *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347; *Southern Indiana Power Co.* v. *Miller* (1916), 185 Ind. 35, 111 N. E. 925; *Insurance Co., etc.* v. *Indiana Reduction Co.* (1917), 65 Ind. App. 330, 117 N. E. 273; 32 C. J. S., Evidence, § 438, p. 70; § 441, p. 72.

(2) From the facts to which the witness had already testified and which were admitted in evidence, it is apparent that the purpose of the question put to this witness was to elicit from him the opinion that portions of his lands would be damaged by occasional overflows as a result of the construction of the proposed levee. This fact, taken together with admitted testimony of the witness, would not, in our opinion, be sufficient to require him to be included in the class of landowners whose lands would be sufficiently affected

to entitle them to be included among the two-thirds of those named in item two of the preliminary report, who might remonstrate and stop the proceedings. The question of assessment of damages was not before the court at this hearing and the question of whether or not the depth of the water over the witness' land would be increased, or that portion of his land which does not now overflow would be occasionally covered by backwater and cause his land to scour and erode, is not material to the issues before the trial court at the hearing on the Commissioners' preliminary report.

It is not error to exclude evidence which is not material to the issues before the court. *Sharpe* v. *The Commercial Travelers' Mutual Accident Association* (1894), 139 Ind. 92, 37 N. E. 353; *The Board of Commissioners of Rush County* v. *Trees* (1895), 12 Ind. App. 479, 40 N. E. 535; 31 C. J. S., Evidence, § 158, p. 864; *Correy* v. *Michaelovitch* (1925), 46 R. I. 387, 128 Atl. 673, 39 A. L. R. 374.

The questions presented by appellants' assigned errors numbered nine to nineteen, inclusive, are the same as those presented by assigned Error No. 8, and what has been said above as to assigned Error No. 8 can also be said about Nos. 9 to 19, inclusive. Since our ruling applies with equal force to Nos. 9 to 19, inclusive, it is not necessary to discuss each of these separately. The trial court did not err in sustaining appellees' objections to the questions set out in appellants' assigned Errors Nos. 8 to 19, inclusive.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 98 N. E. 2d 657.